QUICK et ux. v. ORREN et al.    (No. 6464.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1922. Rehearing Denied Dec. 6, 1922.)

1. Appeal and error ⚖️748(1)—Assignments if within spirit of rules not disregarded.

Assignments of error, though literally not in compliance with Supreme Court rules, considered where the assignments were within the spirit of the rules.

2. Appeal and error ⚖️931(4)—Implied findings of trial court based on sufficient evidence conclusive on appeal.

In trespass to try title, where defendant claimed that plaintiff purchased with notice and actual knowledge that the land had been previously sold to them, and that their boundaries were pointed out to plaintiff, and the court made no specific findings of fact, judgment for defendants will be upheld where the record discloses evidence sufficient to support the conclusion that defendants were in actual possession and residing on the lot containing a disputed strip at the time of plaintiff's purchase.

3. Vendor and purchaser ⚖️334(7)—No recovery for deficiency where sale was in gross.

Where the sale of a city lot was one in gross, there can be no recovery of deficiency of street frontage.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Trespass to try title by George H. Quick and wife against T. M. Orren and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

D. A. Kelley, of Waco, for appellants.
Erwin J. Clark, of Waco, for appellees Knapp, Jr., and others.
Henry & Canon, of Waco, for appellees T. M. Orren and wife.

BRADY, J. Appellants, George H. Quick and wife, Hazel Quick, brought this action in trespass to try title against the appellees T. M. Orren and wife, Merle Orren, to recover a 17-foot strip of land in the city of Waco, described in the petition, and against the Texas Life Insurance Company for the cancellation of a purchase money lien held by it and given by Orren and wife, and for damages against the appellees Alice Dorothy Knapp and husband, Alexander Knapp, Jr. (who were the common source of title), for the value of such strip, in event plaintiffs failed to recover from the other defendants.

The defendants Orren and wife pleaded not guilty, and specially pleaded a prior purchase by them of the property, and their occupancy of the 17-foot strip in controversy, and the improvements thereon at the time of the purchase by plaintiffs of their lot, and notice to plaintiffs of the boundary line of the Orren lot, and of their ownership prior to plaintiffs' purchase, and notice of the use and occupancy by the Orrens of their 65-foot portion of the Knapp property.

The Texas Life Insurance Company answered by general denial and the plea that it was an innocent holder for value of the notes given by T. M. Orren for the purchase money, and prayed that its lien be held valid. Defendants Knapp urged certain exceptions, and pleaded a prior sale by them to Orren of the 65-foot lot out of their property, and full knowledge on the part of plaintiffs of the sale to the Orrens by Mrs. Knapp of the 65-foot lot, and of the boundary line thereof, prior to the agreement to sell plaintiffs the balance of her property, and that the sale to plaintiffs was in gross. They further pleaded mutual mistake, and prayed for reformation. They also pleaded a cross-action which has been dismissed on this appeal, upon their own motion.

The case was tried before the court without a jury, and judgment rendered that plaintiffs take nothing by their suit as against any of the defendants; that Orren and wife be quieted in the title and possession of their property, describing it and denying the cross-action of defendants Knapp.

[1] Objection is made to all the assignments of error contained in appellants' brief, as not being in compliance with the rules. Literally, some of the assignments, at least, do not conform to the rules, but this court, keeping in mind the principle that the rules are intended to promote justice, and not to hinder it, is not disposed to strike out briefs nor to disregard assignments which are not condemned by the spirit of the rules. Thus tested, we think the assignments are sufficient for consideration on their merits, and the objections thereto are overruled.

The grounds of error relied upon for re-

versal chiefly relate to the effect of the evidence and to its sufficiency to support the judgment. For instance, the first proposition is in substance that the court should have sustained plaintiffs' title to the 17 feet in controversy, because the evidence shows that, at the time they purchased, the defendants Knapp owned a frontage of 165 feet on Fourth street, which was more than enough to satisfy the calls in her deed to plaintiffs for 117 feet.

Another proposition is that the ,court erred in finding against the plaintiffs in favor of the defendants Orren because the evidence showed that they purchased after plaintiffs, and that they knew that the 17-foot strip in controversy had already been included in the sale to plaintiffs, as shown by the recorded deed.

[2] For the appellees it is contended that, since there are no specific findings of fact, the judgment of the court below should be upheld, if there are facts of record which, under any relevant principle of law, are sufficient to support it. In other words, it is urged that any implied findings of the trial court, based upon sufficient evidence, are conclusive upon this court, and that it is our duty to sustain the judgment if it is supported by facts and any sound theory of law. The proposition is undoubtedly correct, and we have examined with care the pleadings and the facts in the record, with the view to determining whether the rule invoked is controlling of the case.

We find that among the defenses urged was the claim that appellant purchased with notice and actual knowledge that the 17-foot strip in controversy had been previously sold to the defendants Orren, and that the boundaries of the tract sold to the Orrens were specifically pointed out on the ground to Mrs. Quick, who was negotiating for the purchase by appellants. It is undisputed that to allow appellants title to the 17-foot strip would be to reduce the quantity of land purchased by the Orrens from a frontage of 65 feet to a frontage of 48 feet, and would be to exclude 17 feet from the boundaries of their lot specifically pointed out to Mrs. Quick as having been previously sold. The evidence upon this issue was conflicting, but it is sufficient to support the conclusion that the Orrens were in actual possession of the 65-foot front lot and were residing on it at the time the Quicks purchased, and that the boundaries were specifically pointed out to Mrs. Quick, and that she purchased only the remainder of the land owned by Mrs. Knapp, which proved to be 100 feet in frontage, notwithstanding the recitals in the deed for a frontage of 117 feet.

[3] Another defense was that the sale was one in gross, and that the parties, as shown by the circumstances of the negotiations, in-tended to risk the contingency of quantity. The evidence upon this issue, too, is sharply conflicting, and would authorize a conclusion either way. We must presume that the trial court concluded to accept the evidence tending to show a sale in gross. The motion for new trial shows that this was one of the grounds urged against the judgment. The assignments do not show that there was any objection to the evidence introduced upon this issue. If the rule that no recovery of deficiency will be ,allowed, where the parties have made a sale and purchase in gross, is applicable, it must be enforced. We think it is. .

The conclusions above stated are deemed decisive of the case, and require an affirmance. Therefore we do not deem it necessary or proper to discuss any other questions.

In deference to the implied conclusions of the trial judge, which are sufficient, under the legal principles above announced, to support the judgment, we hold that the case must be affirmed.

Affirmed.