## FISCHER v. FISCHER.

### No. 1049.

Court of Civil Appeals of Texas. Eastland.
Feb. 3, 1933.

Carrigan, King & Surles, of Wichita Falls, and T. R. Odell, of Haskell, for appellant.

B. F. Reynolds and Jeff A. Fowler, both of Throckmorton, for appellee.

FUNDERBURK, Justice.

Mrs. H. T. Fischer brought this suit against her son, George Fischer, to cancel a deed dated October 17, 1931, purporting to convey certain land in Throckmorton county. The deed recites a consideration of $5,260 cash and the execution and delivery of six vendor's lien notes, each for the principal sum of $500, and reciting a vendor's lien on the land. It was alleged, in substance and effect, that defendant procured plaintiff to sign said deed upon the representation that it was a note; that plaintiff, being old and infirm, and unable to read the paper, and same not being read to her, she signed and acknowledged it and afterwards "learned that the paper was not a note and that the paper she signed and acknowledged was" the warranty deed in question; that she did not receive any consideration whatever for signing and executing such deed, "and would not have signed and acknowledged same but for the false and fraudulent representations made by defendant to her"; that all the recitals in the deed showing consideration were false; that no cash was paid and "no notes were ever executed or delivered to her, as stated in said deed, and that said deed is invalid for want of consideration." It was further alleged, partly by way of reiteration: "That at the time of executing said deed plaintiff was aged and infirm, and physically incapable of reading the instrument she signed and acknowledged, and same was not read to her or explained to her, and that the representations made to her by defendant to induce her to execute the deed were false and that she relied solely on such false and fraudulent representations of the defendant, and that defendant being her only

child and she being his mother, she had confidence in him, and did not believe that he would take advantage of her physical condition to defraud her." Plaintiff offered in her pleading "to do such equity as the court may decree."

In response to special issues submitted, the jury found: (1) That prior to the execution of the deed George Fischer represented to plaintiff that he wanted her to sign a note; (2) defendant represented to plaintiff that the deed she signed was a note; (3) that plaintiff relied upon the representation that the deed was a note; (4) that she believed the representation that the deed was a note and believed she was signing a note at the time she executed the deed; (5) that she would not have executed said deed if she had known it was a deed; (6) that there was no consideration for the execution by plaintiff of the deed.

Upon this verdict the court gave plaintiff judgment canceling the deed, from which defendant has appealed.

■ The appellant has undertaken to brief sixteen propositions. By the first it is contended that the court erred in directing plaintiff's counsel, while examining the plaintiff as a witness, to "go ahead and lead your witness." By the second proposition it is contended that, by reason of facts therein recited, plaintiff was estopped to deny that consideration was paid for the execution of the deed. The fourteenth proposition is: "The verdict of the jury must be supported by evidence before it can properly form the basis of a judgment." The fifteenth proposition is: "It is error to admit testimony about a transaction not shown to have been connected with the instrument in controversy and not based upon any pleadings." The sixteenth proposition reads: "It is error to permit a plaintiff to testify as to what she thought she was signing." There are no assignments of error pointing out any action or ruling of the court relating to the questions thus attempted to be presented. The questions do not involve matters of fundamental error. We are therefore without authority to pass upon same. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844.

■ Other than with reference to appellant's third proposition, hereafter to be discussed, we deem it sufficient discussion of the remaining propositions to merely state our conclusions, as follows: In our opinion plaintiff's petition was sufficient to allege a cause of action for cancellation of the deed. Each and all of the special issues were supported by the pleadings, and, except as hereinafter noted, by *some* evidence, the *sufficiency of* which is not questioned by any assignment of error. None of the issues submitted was subject to objection on the ground that it was upon the weight of the evidence, or constituted a comment on the testimony, or assumed the existence of any material *issuable* fact.

No issue called for a construction of the written instrument so as to make applicable the rule that it is the duty of the court rather than the jury to construe written instruments. The pleading and evidence raised an issue of the want of consideration for the deed, regardless of the recitation in the deed of the execution and delivery of notes. There was evidence to the effect that the notes were never delivered.

■ The third proposition is construed to present the contention that there was no evidence upon one or more issues essential to a recovery by plaintiff, and that therefore the court erred in refusing to give a peremptory instruction for defendant. It was alleged that defendant told plaintiff he wanted her to sign the note with him for the purpose of helping him pay out his car at Woodson, Tex., and that she consented to do so, and plaintiff signed at his request a paper which defendant represented to her was a note. The court below evidently considered that two issues were thus presented as to the alleged representations made. One was whether defendant told plaintiff he wanted her to sign a note, and the other whether he represented that the deed was a note. This was in accord with the pleadings. But whether defendant told plaintiff he wanted her to sign a note was not an ultimate issue but an evidentiary matter. That fact was only important, if at all, in justifying the belief of plaintiff that she was signing a note when she signed the instrument in question, and to explain the true nature of the transaction. The real issue was, as submitted in the second special issue, did defendant tell plaintiff the paper she signed—in fact a deed—was a note? To establish this issue the burden of proof was upon the plaintiff. She sought to discharge that burden by her own testimony alone.

If there was any evidence that defendant told plaintiff the paper she signed was a note, it is to be found in the following:

"Q. Did he (that is, George, the defendant,) tell you what he wanted you to sign? A. Yes.

"Q. What did he say he wanted you to sign? A. Something for Woodson, an outfit of some kind, a note or something for a car; that is what I thought I signed.

"Q. What did he tell you he wanted you to sign it for? A. Just what he said.

"Q. Tell just what George said to you when he came to get you to sign the paper. A. I can't remember.

"Q. As near as you can remember, tell what he said. A. I can't remember what he said.

"Q. Did he say anything? A. Well, I can't remember that even,—something about Woodson, a note on a car or something. * * *

"Q. Now do you remember what George told you he wanted when he asked you to sign it? A. Said he wanted to get that Woodson outfit.

"Q. Did he owe somebody something at Woodson? A. Owed for the car * * *

"Q. Did George tell you he wanted you to sign a note with him? A. Wanted me to go on with him, with Woodson, an outfit on his car, the best I remember. '

"Q. Is that what you thought you were signing? A. Yes, sir * * *

"Q. How many times has he been to see you in the last year? A. I couldn't tell, I don't know whether he has been—the only time he came was for the car outfit, for the Woodson bank, you know."

In appraising the above testimony it is necessary to consider other testimony of plaintiff, as follows:

"Q. Did he (George) tell you what the paper was? A. No.

"Q. Tell just what George said to you when he came to get you to sign the paper. A. I can't remember.

"Q. As near as you can remember, tell what he said. A. I can't remember what he said * * *

"Q. And he didn't make any proposition to you about the deed? A. No, not that I remember * * *

"Q. If he made any statement about this deed, don't you recall it? A. No, sir.

"Q. Any statement about why you should sign it, etc., don't you recall that? A. No, not now I don't. My head is in such a shape and I am in such a shape I don't feel like living, such as that is running me plumb wild.

"Q. Do you remember just where you were when you signed that deed? A. I reckon in the clerk's office, I don't know.

"Q. Do you remember going over to the bank and talking to Mr. Gradon Eubank about that deed? A. No, sir.

"Q. Do you remember who was present when you signed it? A. No, I don't remember anything.

"Q. Now, don't you recall having any discussion with him about this loan business? A. No.

"Q. And you don't remember having any discussion with him about any car business? A. No.

"Q. And you don't remember having any discussion with him about a note? A. No.

"Q. Don't remember that? A. No, I never knew anything about it until I got the papers.

"Q. You don't even recall going down there to Mr. Eubank and signing a deed to George, do you? A. No.

"Q. You don't remember who was there, Mrs. Fischer, do you? A. No.

"Q. Some days your recollection is good? A. Used to be.

"Q. Some days now you can remember everything? A. Yes, I can get off to myself now and lie down and study and I can remember things."

It is doubtful if, under the rule declared in Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059, namely, that a mere scintilla of evidence should be treated as no evidence, whether it may be said that the plaintiff's testimony furnishes any evidence that the defendant ever told her that he wanted her to sign a note. But, if it should be granted that there was some evidence to support the jury's answer to the first question, thereby raising, if anything, a question of the sufficiency of the evidence, as distinguished from a question of no evidence, according to the rule declared in Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857, it is certain, we think, that there was no evidence that the defendant represented to her that the paper she actually signed was a note. As said before, that was the material issue to be determined.

■ Ordinarily the action to follow the above conclusion would be to reverse the case and render judgment for the defendant. Such a course, however, is not mandatory. The evidence is too inconclusively developed to satisfy us that a final disposition of the rights of the parties should be adjudged under the state of this record, unless, under the law, it is necessary to do so.

It is therefore ordered that the judgment of the court below be reversed, and the cause remanded.