## STATE TEACHERS' MUT. LIFE INS. CO. et al. v. MIMS.

### No. 1515.

Court of Civil Appeals of Texas. Waco.
July 12, 1934.

Rehearing Denied Sept. 20, 1934.

Munroe & Holt and Fred Hartley, all of Waco, for appellants.

Conway & Scharff, of Waco, for appellee.

GALLAGHER, Chief Justice.

This appeal is prosecuted by the State Teachers' Mutual Life Insurance Company and W. G. Russell from a joint and several judgment against them in favor of J. L. Mims for the sum of $1,050. Appellant State Teachers' Mutual Life Insurance Company was originally incorporated under the name of Bankers' Mutual Life Insurance Company. A charter amendment effecting such change in corporate name was dated October 31, 1932, after the controversy adjudicated in this suit arose. Appellant Russell was president and general manager of the corporation while it operated under its original charter. Appellee alleged that he was employed by said Russell, acting for himself and for said corporation, as consulting actuary for the term of one year, beginning February 1, 1932; that the annual compensation to be paid to him for his services was the sum of $1,200; that the same was to be paid in equal monthly installments; that in pursuance of such employment he rendered valuable services, which he specifically enumerated; that such services were accepted by appellants; that he was ready and willing during the full term of his employment to continue to render the services required thereby; that in the latter part of April appellants notified him that they had made other arrangements and that his services would no longer be required or accepted. He alleged in that connection that appellants had paid him the sum of $150 only on such contract of em-

ployment, and sought to recover $1,050 as the balance due him thereunder. Appellee also alleged in general terms the work done by him for appellants and sought in the alternative to recover from them the reasonable value thereof, which he alleged was the same as the contract price therefor. Appellants denied that they employed appellee for the term of one year at a stipulated salary, and alleged that on the contrary he was employed to prepare only one particular policy with rates therefor; that he was to be paid for such services the reasonable value thereof; that his work was defective and unsatisfactory; and that he had been fully paid therefor.

The case was submitted to a jury on special issues. The first and second issues submitted, with the answers of the jury thereto, were as follows:

(1) "Do you find from a preponderance of the evidence, if any, that the plaintiff J. L. Mims and W. G. Russell entered into the following agreement, to-wit: That the plaintiff Mims would prepare policy form, rates and values for three policies, to-wit: An Ordinary Life Participating Policy, a Twenty Year Payment Participating Policy and a Life Expectancy Participating Policy, and would be subject to consultation with the defendant W. G. Russell and the Bankers Mutual Life Insurance Company at his office in Fort Worth, Texas, or Dallas, Texas, for a period of one year and would prepare and supervise the making of the first annual statement for said Company, at an agreed price of $1200.00, to be paid by the defendant Bankers Mutual Life Insurance Company and the said W. G. Russell at the rate of $100.00 per month?" Answer: "Yes."

(2) "Do you find from a preponderance of the evidence, if any, that the plaintiff Mims was ready, able and willing to perform his part of said agreement, if any?" Answer: "Yes."

The court rendered judgment on such findings in favor of appellee against appellants for the sum of $1,050. Appellants present in their brief no complaint of the form in which such issues were submitted. Neither do they assail the sufficiency of the evidence to support such findings, nor the sufficiency of such findings to support the judgment so rendered.

### Opinion.

Appellants present six propositions as grounds for reversal. No separate assignments of error are contained in their brief. They filed a motion for new trial in the court below, in which they complained of alleged misconduct of the jury. Since the amendment of article 1844 by the Act of April 25, 1931 (Gen. Laws Reg. Sess. 42nd Leg. c. 75 [Vernon's Ann. Civ. St. art. 1844]), there is no longer statutory ground for regarding the several paragraphs of the motion for new trial as assignments of error. There is, however, nothing in appellants' brief indicating that they relied on the motion for new trial as their assignments of error. We find, however, upon examination of appellants' third and fourth propositions, that they allege therein specifically that upon the hearing of their motion for new trial they introduced evidence showing misconduct on the part of the jury and that the court erred in refusing to set aside the verdict because of such misconduct. Since such propositions contain the essential elements of proper assignments of error, we have decided, in the exercise of our discretion, to consider them as such. Cammack v. Rogers, 96 Tex. 457, 461, 73 S. W. 795; Carroll v. Jackson (Tex. Civ..App.) 277 S. W. 427, 429, par. 3; Quick v. Orren (Tex. Civ. App.) 245 S. W. 454, par. 1; La Beaume v. Smith, Albin & Peay (Tex. Civ. App.) 247 S. W. 623, 624, 626, par. 7.

Appellee, as hereinbefore stated, sued for the balance alleged to be due to him on a contract of employment by appellants, and in the alternative, for the reasonable value of services rendered by him and accepted by them. Appellee's right to recover on the contract alleged was submitted to the jury for determination by the first and second issues hereinbefore quoted. Appellee's right, in event of adverse findings on such issues, to recover the reasonable value of the services actually rendered by him and accepted by appellants, was submitted to the jury for determination by issues 3 to 16, inclusive. Appellee testified that the services so rendered consisted in preparing rates and tables of values for three separate kinds of policies, in preparing rates, table of values and policy form for a fourth kind of policy, and in consulting with appellants and advising them in matters pertaining to life insurance business. He also testified with reference to the reasonable value of each of such services. Said issues from 3 to 16, inclusive, invoked a finding by the jury with reference to whether services in connection with each such separate kind of policy were actually rendered, whether such services were accepted and the reasonable value thereof, and with reference to whether services in the form of consultation and advice were rendered and the reasonable value thereof. The court instructed the jury, in event of affirmative answers to issues 1 and 2, that they need not answer any of the suc-

ceeding issues. Such instruction, however, was given at the end of the charge and apparently it was not discovered by the jury until a controversy had arisen with reference to the value of the services rendered by appellee to appellants. The alleged misconduct consisted of a statement or declaration made by one of the jurors in the discussion arising out of such controversy. When it was discovered that answers to issues 3 to 16, inclusive, were not required, the jury returned their verdict without answering any of them.

■■■ The trial court, on the hearing of the motion for new trial based on an allegation of misconduct of the jury, is, as in other hearings, the judge of the credibility of the witnesses and the weight to be given to their testimony, and his findings, if any, on conflicting testimony will not be disturbed. When the trial court makes no specific findings on the issue of misconduct but enters a general order overruling the motion, the testimony introduced will be considered in the light most favorable to such order, and all conflicts will be deemed found in harmony therewith. Bradley v. Texas & P. R. Co. (Tex. Com. App.) 1 S.W.(2d) 861, 865, pars. 6, 7 and 8; St. Louis, B. & M. R. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024, 1025, pars. 1 and 2; Id. (Tex. Com. App.) 16 S.W.(2d) 534, pars. 1 and 2; Goodrich v. Pandem Oil Corporation (Tex. Com. App.) 48 S.W.(2d) 606, 609, par. 6; James A. Dick Co. v. Yanez (Tex. Civ. App.) 55 S.W.(2d) 600, 603, pars. 5 to 7, inclusive (writ refused); Comer v. Farrell (Tex. Civ. App.) 48 S.W.(2d) 452, 454, pars. 3 and 4. The testimony in this case shows without dispute that the jurors considered the issues submitted seriatim; that they agreed that the first issue should be answered "yes"; that they then agreed that the second issue should also be answered "yes"; that upon consideration of the subsequent issues several jurors differed about the amount to be awarded to appellee as the reasonable value of his services; that some of the jurors thought $600 was a sufficient sum to properly compensate him, and that others were in favor of allowing him the full amount claimed; that during such discussion the juror Dato, who favored allowing the full amount sued for, made the alleged prejudicial statement. There is some slight conflict in the testimony with reference to the exact language used by such juror. He testified that what he really said was that, "They was an insurance company and owed it to him and they ought to pay him." The testimony shows without contradiction that the foreman of the jury

promptly stated that the fact that an insurance company was the defendant had nothing to do with the issue, and that no further discussion along that line occurred. Both the pleadings and the testimony showed that one of the defendants was a life insurance company. There was ample testimony to support a conclusion on the part of the juror Dato that appellants owed the debt, and his further conclusion that they ought to pay the same apparently followed in natural sequence. The mere mention by the juror in such statement of the corporate character of one of the defendants in the suit is, in our opinion, wholly insufficient to show disqualifying prejudice on the part of such juror, or to raise a reasonable doubt as to the prejudicial effect of such statement upon the verdict returned. Allbright v. Smith (Tex. Com. App.) 5 S.W. (2d) 970, pars. 1 and 2. See, as analogous, Baker Company v. Turpin (Tex. Civ. App.) 53 S.W.(2d) 154, 157, 158, par. 9, and authorities there cited.

■■■ Appellants' other propositions are purely abstract and none of them contain the essential elements of an assignment of error. They are therefore insufficient to justify consideration. Fischer v. Fischer (Tex. Civ. App.) 57 S.W.(2d) 314, 315, par. 1.

The judgment of the trial court is affirmed.