### PELTON v. ALLEN INV. CO.
No. 3108.

Court of Civil Appeals of Texas. El Paso.
Jan. 10, 1935.

John S. Morris, of Fort Worth, for appellant.

Allen & Allen, of Dallas (E. G. Moseley, of Dallas, of counsel), for appellee.

HIGGINS, Justice.

Appellee brought this suit against Pelton to recover damages for conversion of chattels alleged to be the property of appellee. Prior to return day, which was December 3, 1933, Pelton filed his answer consisting, in due order, of plea of privilege to be sued in Tarrant county, and without waiving such plea, demurrers and general denial. The answer bore this indorsement: "H. E. Pelton, Defendant, Original Answer." On January 8, 1934, appellee filed controverting affidavit setting up that the chattels were converted in Dallas county, wherefore the venue was properly laid there. This pleading also, by exception and plea, set up that appellee had been misled and deceived, by the indorsement on the cover of the answer, into believing that no plea of privilege had been filed, wherefore the time for controverting the plea had passed.

It was prayed that the exception be sustained and the plea of privilege stricken. In the alternative it was prayed the controverting affidavit be considered and the plea of privilege overruled. On January 13, 1934, the court made an order permitting the controverting affidavit to be filed. Three days later another affidavit was filed seeking to sustain the venue as laid in Dallas county, upon the ground that the property was converted in said county. On February 3, 1934, after due notice, the plea of privilege was overruled, from which order this appeal is prosecuted.

Appellee filed a motion to strike the brief of appellant and dismiss the appeal because the brief contains no assignments of error. This motion has heretofore been overruled without comment. Our reasons for so doing will now be briefly stated.

■ There is no rule or statute which authorizes the dismissal of an appeal because the appellant's brief contains no assignments of error.

Prior to the amendment of articles 1757 and 1844, R. S., by Acts of 42d Legislature (chapter 45, p. 66, and chapter 75, p. 117 [Vernon's Ann. Civ. St. arts. 1757, 1844]), the rule was that in the absence of assignments of error incorporated in the appellant's brief, the court was limited to the consideration of fundamental error. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844. That is quite a different matter from a dismissal of the appeal.

Since the adoption of the Acts of the 42d Legislature cited above, some of the Courts of Civil Appeals have held that it is still necessary for the appellant's brief to contain assignments of error. It was so held in Metropolitan C. I. Co. v. McCarvell (Tex. Civ. App.) 60 S.W.(2d) 1061, and cases there cited. In that case a writ of error was granted.

■ We are of the opinion, under article 1757, as amended (Vernon's Ann. Civ. St. art. 1757), the brief must be considered as sufficient if the propositions contained in the same distinctly point out the alleged error or errors upon which the appeal is predicated. We regard propositions of that nature, within themselves, as constituting sufficient assignments of error and entitled to consideration as such. Lamar-Delta C. L. I. Dist. v. Dunn (Tex. Com. App.) 61 S.W.(2d) 816; Commercial, etc., v. Noack (Tex. Civ. App.) 45 S. W.(2d) 798; Id. (Tex. Com. App.) 62 S.W.(2d) 72; State, etc., v. Mims (Tex. Civ. App.) 74 S.W.(2d) 549.

The propositions contained in appellant's brief show he is complaining of the alleged error of the court in permitting appellee to file its controverting affidavit after the time allowed by law and the action of the court in overruling the plea of privilege. We regard these propositions as sufficiently pointing out the errors complained of and for that reason will consider same upon their merits.

■ If the plaintiff desires to controvert a plea of privilege, he is by law required to file a controverting affidavit within five days after appearance day. Article 2007, R. S. But for good cause shown the court may permit

such affidavit to be filed after the expiration of such five day period. Texas-Louisiana P. Co. v. Wells, 121 Tex. 397, 48 S.W.(2d) 978.

As explaining the action of the court in permitting the delayed filing of the controverting affidavit, we quote from the findings in the order overruling the plea of privilege. Such findings read:

"* * * it appeared to the court that said plea of privilege was filed before the appearance date at which the defendant, H. E. Pelton, was required to answer but was filed and endorsed as the original answer of the defendant, H. E. Pelton, and that the title or endorsement placed upon the manuscript cover which enclosed said pleading was Defendant's original Answer, and nowhere on said cover was such pleading entitled plea of privilege and it further appeared to the court that the fee book of this court and the file docket and trial docket nowhere reflected that a plea of privilege had been filed by the defendant H. E. Pelton but showed a pleading filed, styled an original answer.

"And it further appearing to the court that thereafter, and after the expiration of the five day period after appearance day, the plaintiff, Allen Investment Company did file its motion in this cause to strike said plea of privilege or in the alternative to be allowed to file a controverting affidavit thereto and it further appeared to the court that upon a hearing the court found that the plaintiff had been misled as to the contents of said pleading filed by the defendant and had made an examination of the trial docket and file docket of this court to ascertain if a plea of privilege had been filed within the time which it was required to controvert said plea of privilege and it further appeared to the court on said hearing that the failure of the plaintiff to file its controverting affidavit within the time required by law was on account and due to the acts and conduct of the defendant in not properly entitling and endorsing his pleading and the court thereupon allowed the plaintiff to file its controverting affidavit."

The plea of privilege was properly incorporated in the original answer and the indorsement thereon was correct. District and County Court Rules 6 and 7.

The defendant complied with the rules and it was wholly improper to penalize him for so doing. A litigant desiring to know the contents of a pleading should consult the text of such pleading rather than its cover wrapper or the file and trial dockets of the court. The reason assigned by the court for permitting the delayed filing of the affidavit shows no good cause whatever.

To permit the delayed filing of an affidavit controverting a plea of privilege without good cause shown is arbitrary and in disregard of a statutory provision for the protection of defendants in their valuable right to be sued in the counties of their residence. Defendants are not to be arbitrarily deprived of such right, nor is it to be frittered away by trivial excuses. The court erred in permitting the affidavit to be filed more than thirty days after it should have been filed.

Appellee submits this further proposition in support of the order overruling the plea, viz.: "Where defendant, who had previously filed a plea of privilege, appeared at the hearing on the contest thereof, insisting that such plea be sustained, he waives his right to contend that the controverting affidavit was filed too late."

The record shows that appellant filed a motion to strike the affidavit and pleading filed January 8th and excepted thereto upon the ground that it was filed too late.

It would be indeed novel to hold that a defendant has waived his rights because he was doing all that could properly be done to protect same. The proposition quoted is without merit. Old v. Clark (Tex. Civ. App.) 271 S. W. 183, cited by appellee in support of this proposition, arose upon a different state of facts. There the defendant joined issue on the controverting affidavit without objection to the delay in filing the same.

Reversed, and judgment here rendered transferring the venue as to Pelton to Tarrant county.