## GUARANTY MORTGAGE & REALTY CO. et al. v. L. E. WHITHAM & CO. et al.

### No. 4539.

Court of Civil Appeals of Texas.
Amarillo.

Feb. 10, 1936.

Rehearing Denied May 4, 1936.

Coleman Gay, of Austin, for plaintiffs in error.

Milburn E. Nutt, of Wichita Falls, for defendants in error.

MARTIN, Justice.

■ Judgment was entered in the lower court for the sum of $230.45, with foreclosure of an alleged mechanic's and paving lien on real estate. Plaintiffs in error have filed in this court briefs which fail to contain assignments of error either by name or in fact. Under repeated decisions, we can under such circumstances consider any fundamental error. ⸝The question is not debatable. See recent opinion by Judge Harvey in Lamar-Delta County Levee Improvement Dist. No. 2 v. Dunn et al. (Tex.Com. App.) 61 S.W.(2d) 816.

■■ It is correctly contended by plaintiffs in error that such assignments need not be specifically so named; that propositions which distinctly point out the error or errors upon which the appeal is predicated may be considered. See Pelton v. Allen Inv. Co. (Tex.Civ.App.) 78 S.W.(2d) 272, and authorities there cited. But here the briefs contain only abstractions. We quote one as typical of all:

"Where real estate is sold under a contract providing for the payment of a part of the consideration in installments and the vendee goes into possession before all the purchase money has been paid, equitable title thereto is vested in the vendee and thereafter any increment, advantage, or enhancement to the property inures to his benefit, and any detriment, depreciation, or loss thereto without fault of either party must be borne by him."

Plainly this points out no error committed by the trial court, and fails altogether to challenge our attention, so as to require us to consider any alleged error committed below. An examination of the record fails to disclose any fundamental error.

We have regretfully reached the conclusion that we are compelled to refuse to consider the briefs on file.

Appeal dismissed.