## SAFETY CASUALTY CO. v. STAGGS.

### No. 9885.

Court of Civil Appeals of Texas. San Antonio.

Nov. 18, 1936.

Rehearing Denied Dec. 23, 1936.

Johnson, Rogers & Slatton, of San Antonio, for appellant.

Mann & Mann, of Laredo, and Arnold & Cozby, of San Antonio, for appellee.

SMITH, Chief Justice.

In this workmen's compensation case Magnolia Petroleum Company was the employer, Chas. E. Staggs, appellee, was the employee, and Safety Casualty Company, the insurance carrier. In a trial, in response to jury findings, judgment was rendered awarding compensation to appellee and the casualty company appealed.

Appellee was a pumper on his employer's oil and gas lease in Zapata county. It was a part of his duties to clean his employer's machinery on the lease, and keep it clean. For this purpose, he had for some time used kerosene, furnished him by his employer, through its foreman on the lease. Usually about ten gallons of cleaning fluid was used each month on the lease. About a month before the accident in which he was injured, appellee concocted a cleaning fluid which he brewed from a "still" built by him for that purpose of company material. The general idea was to boil crude petroleum in a drum placed over a gas coil, supplied from the company's gas line. By this process he made up enough fluid to enable him to clean the machinery for a month, and he used it for the purpose. When that first supply was about exhausted, appellee was ordered

by his foreman to give all the machinery on the lease a special cleaning, preparatory to painting it. Appellee put his still in operation for this purpose, when the oil drum exploded, injuring him. He filed his claim before the Industrial Accident Board, which denied it, whereupon he brought this suit and recovered, as stated.

■ It is the contention of appellant, in substance, that appellee should have been denied recovery upon the several grounds (1) that he was not on duty at the time of the accident; (2) that his orders were to use kerosene, exclusively, for cleaning purposes; and that, therefore, he was not acting within the scope or course of his employment when injured, since he was then engaged in making a contraband, or forbidden, material, for an unauthorized use. These issues of fact were resolved against appellant by the jury, and the question presented here is, Was the evidence sufficient to support the jury findings upon the issues thus raised? We have concluded that the evidence was sufficient for that purpose, when considered in the light most favorable to appellee, as it must be here.

■ It is urged by appellant that his employer had no knowledge that appellee had been making or using the cleaning fluid in furtherance of the master's work; that he had been instructed to use only kerosene, furnished by the employer, for cleaning machinery; that he had no authority to violate that instruction; and that the operation of the still was therefore no more than his own private venture. There is evidence in the record, however, from which the jury could properly find against these contentions. There was testimony to the effect that the company's pumpers on other leases were making and using this particular concoction, made in the same way, and that the company's officials had been actually distributing the fluid so made to some of its leases for the particular purpose for which appellee was making and using it. There was further evidence that the foreman of this lease, who had control and supervision of appellee's duties and work, knew that appellee was making this fluid by the use of the still, and was using it for the purpose designed by the employer, who, with that knowledge, had in fact ceased to furnish appellee with kerosene for that use. In short, there was material and substantial testimony that his employer knew that appellee was making that fluid in the manner employed, for the authorized purpose of cleaning the employer's materials; that, therefore, the employer knew appellee had ceased to use kerosene for that purpose, and was not only not violating any alleged instructions of the employer, but was resorting to the process which resulted in his injuries. We overrule appellant's contentions to the contrary.

■ It appears that appellee had placed the still, for his own convenience, just off the leased premises, but there was evidence supporting the finding that he was nevertheless engaged in his master's work at the time and place of the accident, and the fact that he was not then on the employer's premises cannot affect the insurer's liability.

Appellant contends that the accident happened at a time when appellee was off duty, and that therefore he could not be held to have been engaged in the master's work when injured. We overrule that contention. The evidence amply supported the finding that at that time appellee was on duty, and within the hours to which he was assigned.

■ We conclude that the evidence supported the findings that appellee was engaged in the course of his authorized employment at the time of his injury, and that those findings supported the judgment awarding compensation to him. Appellant's first five propositions, in which this question was raised, will be overruled.

■■ In its sixth and last proposition appellant contends, as stated in its brief, that, "There was no evidence offered by appellee that the Safety Casualty Company was the carrier of compensation insurance of the Magnolia Petroleum Company, covering the employee in question." Appellee alleged in his trial petition that appellant was the carrier of such insurance and called upon appellant to produce its policy covering the liability. Appellant did not meet that allegation, except in its general denial. In such case only slight evidence is necessary to show that the impleaded insurer carried the insurance in the case. Barron v. Texas Employers' Ins. Ass'n (Tex.Com.App.) 36 S.W.(2d) 464. And it is held by the same authority, that in such case the insurer is in the best position to show that it is, or is not, the insurer in a particular case, and its failure to produce the evidence thereof, after notice, will be construed most strongly against it.

■ With those reasonable and just rules in mind, it appears in this case that, when called upon, appellant failed to pro-

duce the policy sued upon or to deny, or offer any evidence to show, it was not the insurance carrier in the case. In the temporary absence of the jury, presumably to show jurisdiction, appellee showed by competent evidence that appellant was the carrier of compensation insurance covering appellee. During the trial, and in the presence of the jury, appellee, in pursuance of due notice in his petition, called upon Mr. Ward, appellant's counsel, to produce the policy covering. Counsel replied that he did not have the policy. Appellee further pressed the demand for the policy, whereupon Mr. Ward stated, "We have not got it, but we are making no contention about it." In the course of the trial, appellee introduced in evidence, without objection from appellant, a drug bill, in which it was stated that appellant was the insurance carrier. We conclude that, though meager, the evidence, considered with the state of the pleadings, the conduct of appellant in failing, after notice, to produce the policy or testimony negativing the issuance or existence thereof, and the act of appellant in waiving proof of the fact sought to be established, was sufficient to establish the fact. Moreover, appellant did not raise the question of the sufficiency of the evidence upon this issue, at any time or by any means, in the trial court, and this being so it cannot raise the question for the first time in this court. We overrule appellant's sixth proposition.

The judgment is affirmed.