### THEOBALT v. WIEMANN.

### No. 3107.

Court of Civil Appeals of Texas. Beaumont.

April 21, 1937.

Rehearing Denied April 28, 1937.

Fred A. White, of Port Arthur, for plaintiff in error.

Shivers & Keith, of Port Arthur, for defendant in error.

O'QUINN, Justice.

Defendant in error was plaintiff in the court below, and plaintiff in error was defendant. We shall refer to plaintiff in error as appellant and defendant in error as appellee.

Appellant Theobalt was an automobile dealer in Port Arthur, Tex. He sold Essex Terraplane automobiles. On July 29, 1935, he sold appellee Wiemann a 1935 model Terraplane sedan for $825. Wiemann traded in a 1930 model Chevrolet coach for the agreed price of $165. The $165 was credited on the purchase price of the Terraplane, and he executed notes in payment of the remainder of the consideration for the Terraplane automobile.

Appellee brought this suit against appellant to cancel the sales contract by which he bought from appellant the Terraplane automobile, and to recover the Chevrolet coach automobile that he traded in to appellant as payment on the Terraplane car, or to recover the sum of $165, its agreed

value, and to recover damages. As grounds to recover appellee alleged, in substance, that appellant, and his sales agent, L. A. Mathis, represented to him that the Essex Terraplane automobile was a new car, having never been sold, and having been used only as a demonstrator, and that it was in first-class condition, and practically as good as an unused car; that he (appellee) was not familiar with the make and operation of Terraplane cars, and could not judge of its condition or the quality of its operation; that appellant Theobalt and his salesman, Mathis, both assured appellee that the car was in good condition, that it had never been wrecked or injured, and that it had been used only for demonstration; that he believed these representations so made to him, and relying upon same agreed to purchase said car for $825, and to trade in his 1930 Chevrolet car as a payment on the new car at the agreed price of $165, and to execute his notes in payment of the remainder purchase price, which contract of purchase was consummated in writing, and he delivered his Chevrolet car to appellant and received from the appellant the Essex Terraplane automobile.

He further alleged that the Terraplane car had been wrecked before its sale to him, which fact was known to appellant and to his said agent Mathis, but which they fraudulently concealed from him for the purpose of inducing him to purchase said Terraplane car; that he would not have purchased said car if he had known that it had been wrecked; and that he was imposed upon by the false and fraudulent statements of appellant and of his agent Mathis that said car had not been wrecked, and that said car had been used only for demonstration purposes, and that said car was in good condition and as good as an unused car, all of which were false and so known to appellant and his agent when they made same to appellee, and were made for the fraudulent purpose of inducing him to purchase said car; and that relying upon said statements he did purchase said car.

He further alleged that shortly after purchasing said car it failed to reasonably perform as a car of the type represented to him, and could be operated only under great difficulties; that at the time appellant sold said car to him, appellant knew that said car had been seriously wrecked and had been rebuilt, but fraudulently concealed said fact from appellee for the purpose of inducing him to buy said car; that when he discovered that the car was not in the condition represented to him by appellant, and that said car was not of the quality represented to him, he returned said car to appellee and demanded that his Chevrolet car be returned to him, or its value paid to him, which appellant refused to do; that because of the willful and wanton fraudulent representations of appellant to him, he was entitled to exemplary damages in the sum of $500. He prayed for judgment canceling the sales contract, for the value of his Chevrolet car, and exemplary damages.

Appellant answered by general demurrer, several special exceptions, general denial, and specially pleaded estoppel to appellee's right to a cancellation of the sales contract. By cross-action appellant asked for judgment for the unpaid purchase price of the Terraplane car and for a foreclosure of a chattel mortgage lien on same. Additional pleadings were filed by both parties.

The cause was tried to a jury upon the following special issues:

"Special Issue No. 1. Do you find from a preponderance of the evidence that material false representations were made to the plaintiff, Caroll Wiemann, about the condition of the Terraplane automobile prior to the sale thereof."

"In this connection you are instructed that by the term 'material false representations,' as that term is used in this charge, is meant statements as to existing facts which are known to be untrue and made for the purpose of inducing someone to act thereon to his detriment."

The jury answered: "Yes."

"Special Issue No. 2. If you have answered Special Issue No. 1 in the affirmative, and only in that event, answer the following: Do you find from a preponderance of the evidence that the plaintiff, Caroll Wiemann, relied upon such statements in purchasing said Terraplane automobile."

The jury answered. "Yes".

On the verdict, the court entered judgment in favor of appellee for $165, and canceling the sales contract for the purchase of the Terraplane automobile by appellee, and denying appellant any recovery on his cross-action. The case is before us for review.

■ Appellee has filed motion to dismiss the writ of error because no cost or appeal bond was executed by appellant, and there is no supersedeas bond to supersede the judgment, but said appeal is supported by what is denominated a "writ of error" bond in the form of a "supersedeas" bond in the sum of $500, wherefore this court is without jurisdiction to hear the cause.

The judgment was rendered March 7, 1936, canceling the sales contract, granting judgment for appellee against appellant in the sum of $165, and the court costs. Motion for a new trial was overruled March 12, 1936. Plaintiff in error filed his petition for writ of error on July 16, 1936. The writ of error bond was filed with the petition for writ of error on July 16, 1936. This was within six months after the date of the judgment. The petition for writ of error contains the usual allegations for such writ, and also sufficient for a supersedeas writ, but there is no order from the court fixing the amount of a supersedeas bond to supersede the judgment, so the bond is simply a writ of error bond, and as such protects the costs on appeal, and gives jurisdiction to this court. The motion to dismiss for want of jurisdiction is overruled.

■ Appellee has also filed motion to strike appellant's brief. The ground of the motion is that the brief does not "contain any assignments of error." In the brief, at the front, after the statement of the nature and result of the suit, appears the following: "The following are the propositions upon which this appeal is predicated." Then follows in numerical order five "propositions" stating different matters asserted as reasons why the judgment should be reversed. We gather from the motion to dismiss that the objection to the brief, in the main, is that the propositions should have been designated as "assignments of error." The matters set forth in the several propositions being such as to constitute assignments of error, we think it is immaterial as to their being called "propositions," but that as they point definitely to the things and matters urged as error, this is sufficient and they should be considered as assignments of error. Article 1757, R.S.1925, as amended by Acts 1931, c. 45, § 1 (Vernon's Ann.Civ.St. art. 1757); Central Surety & Ins. Corp. v. French (Tex.Civ.App.) 72 S.W.(2d) 699 (writ dismissed); Guaranty Mortgage & Realty Co. v. L. E. Whitham & Co. (Tex. Civ.App.) 93 S.W.(2d) 512; Pelton v. Allen Inv. Co. (Tex.Civ.App.) 78 S.W.(2d) 272. The motion to strike is overruled.

■ Appellant's first assignment is:
"Where the court in this cause charged the jury as follows:

"'Do you find from a preponderance of the evidence that material false representations were made to plaintiff, Caroll Wiemann, about the condition of the Terraplane automobile prior to the sale thereof.'

"Answer 'Yes' or 'No' as you find the facts to be."

"In this connection, you are instructed that by the term 'material false representations' as that term is used in this charge, is meant statements as to existing facts which are known to be untrue and made for the purpose of inducing someone to act thereon to his detriment."

Appellant timely objected and excepted to this issue because: (a) It was a general charge given in the cause submitted on special issues; and (b) it was multifarious in that it contained several issues of fact, and required the jury to answer same by "yes" or "no." These objections and exceptions were overruled. We think these objections were both well taken. There were several allegations of fraudulent misrepresentations as to the car in question not having been wrecked; that it was good as new and had been used only for demonstration purposes; and that it would perform as well as an unused car. Each of these were questions to be determined by the jury. The issue covered the whole cause of action asserted on the basis of fraud, and required the jury to answer them all in one word, "yes" or "no." This placed the jury where they could not find that part of the representations were false, and part true. They had to answer all alike, that is "yes" or "no." The statute, article 2189, R.S.1925, requires that special issues shall be submitted distinctly and separately, and that each issue shall be answered by the jury separately. This can't be done when the issues are submitted as here. Meinecke v. Fidelity Inv. Co., 62 S.W.(2d) 623 (writ refused). Moreover, the issue left to the jury the task of selecting the allegations of fraud deemed "material" and then to answer all such in one answer. The issue, as submitted, was broad enough to cover every allegation of fraud, or false representation relied upon by appellee to

avoid the sale. In other words, the issue covered the whole case of fraud asserted by appellee. This caused the issue to partake of the nature of a general charge given in a case submitted on special issues. Looney v. Elliott (Tex.Civ.App.) 52 S.W. (2d) 949, 951; Brammer & Wilder v. Limestone County (Tex.Civ.App.) 24 S.W. (2d) 99.

Again, the issue was multifarious. It contained the issues of whether the car had ever been wrecked; whether it was in good condition and would perform as an unused car; whether it had ever been used for other than demonstrator purposes. These issues should have been submitted separately. Brammer & Wilder v. Limestone County (Tex.Civ.App.) 24 S.W.(2d) 99, 104; Metropolitan Life Ins. Co. v. Greene (Tex.Civ.App.) 75 S.W.(2d) 703; 20 Tex.Jur., § 126, pp. 179–181; Missouri, K. & T. Railway v. Long (Tex.Com.App.) 299 S.W. 854.

Other errors are assigned, but as they may not arise upon another trial they will not be discussed. The judgment should be reversed and remanded for another trial, and it is so ordered.

Reversed and remanded.