## MAGNOLIA PETROLEUM CO. v. ORY.
### No. 10215.

Court of Civil Appeals of Texas. San Antonio.

Dec. 22, 1937.

Rehearing Denied Jan. 19, 1938.

Perkins & Floyd, of Alice, for appellant.

P. W. Minter, of Hebbronville, and Arnold & Cozby, of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Leslie L. Ory against Magnolia Petroleum Company, a domestic private corporation, to recover damages for the wrongful death of her husband. The latter died of injuries resulting from an explosion of an "oil still" operated for the Petroleum Company through its servant, one Charles E. Staggs. The case arises out of the same accident as that involved in Safety Cas. Co. v. Staggs, Tex.Civ.App., 99 S.W.2d 682, decided by this court. The still was being operated by Staggs, when it exploded and killed Ory, a bystander. In this suit, instituted in Jim Hogg county, the Petroleum Company's plea of privilege to be sued in Dallas county, its domicile, was overruled, and this appeal is from that order.

On the first day of the June (1936) term of the lower court, to which appellee's suit was returnable, the latter's attorney made an agreement with Thomas H. Ward, a Laredo attorney who regularly represented appellant in its affairs in Webb county, and in the Staggs Case, then pending on appeal, to continue the instant case to the October term, pending a final decision of the Staggs Case. The trial judge on that date entered an order for such continuance, "by agreement." It developed that Mr. Ward did not then, or thereafter, represent appellant in this particular case. On the other hand, appellant had employed Messrs. Perkins and Floyd, an Alice firm, to represent it in this case, and on June 1st, the first day of the term, on which date also the order of continuance by assumed agreement was entered, the Alice attorneys filed a plea of privilege on behalf of appellant to be sued in Dallas county. Appellee's counsel, although residing in the county seat, and having an office in the courthouse where these proceedings were being had, did not know of the filing of the plea of privilege, and, relying on his agreement with Ward and the order of continuance thereon, paid no further attention to the suit, until the beginning of the October term, when he was informed by appellant's counsel of the pendency of the plea. He then made, and the court granted, motion for leave to file and consider appellee's controverting plea. The time had then arrived for the adjournment of the term, and although appellant then and there insisted upon a hearing of its plea of privilege, the trial judge declined to go into the matter, but continued the case to the next term, when the plea of privilege was heard and overruled.

We are of the opinion that under the facts stated the trial court acted within his discretion in allowing the delayed filing, and in considering, appellee's belated contest of the plea of privilege. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; Pelton v. Inv. Co., Tex.Civ.App., 78 S.W.2d 272; Younger Bros. v. Power, Tex.Civ.App., 92 S.W.2d 1147.

Appellee having been properly allowed, for good cause, to file his contest of the plea of privilege at a term subsequent to that of the filing of the plea, it follows, as a matter of course, that appellee was excused from the duty of invoking a disposition of the plea of privilege at the prior term. These conclusions also dispose of appellant's contention that the order of the court continuing the case "by agreement" at the beginning of the June term was ineffectual, because the agreement was not in writing, or made by the parties in "open court." Parties cannot complain of such an order at a subsequent term of court to that in which the order is made and entered.

It appearing that the question of change of venue upon the plea of privilege did not ripen until after 3:00 o'clock in the afternoon of the day before the last day of the term, the action of the court in refusing at that time to enter upon a trial of the venue question, and in continuing the matter of venue to the next term, amounted to an adjudication that the "business of the court" would not permit such hearing at that time, and satisfied the statutory requirement that such pleas be disposed of during the term in which they are filed. Article 2013, R.S.1925. Nor did such adjudication show an abuse of the discretion lodged in the trial court in such matters.

The remaining contentions of appellant are that appellee failed to show that appellant had an agency or representative in Jim Hogg county within the contemplation of the twenty-third exception to the venue act, providing that suits may be brought against private corporations in

counties where they maintain an agency or representative (article 1995, subd. 23, R. S.1925) and failed to sufficiently prove facts of liability against appellant. We have carefully considered the evidence upon these issues, and conclude that the trial judge did not abuse his discretion in finding against appellant thereon.

The judgment is affirmed.

SLATTON, J., being disqualified, did not participate in the decision of this case.

### On Motion for Rehearing.

In its original opinion this court stated that the "question of change of venue did not ripen until after 3 o'clock in the afternoon of the last day of the term." This was error. The matter arose after 3:00 p. m. of the day before the last day of the term. This error has been corrected in the original opinion.