## THREE BEE INV. CORPORATION v. GALVESTON–HOUSTON CO. et al.

### No. 11471.

Court of Civil Appeals of Texas. Galveston.

Nov. 19, 1942.

Rehearing Denied Dec. 10, 1942.

E. L. Gilbert and Ben M. Gilbert, both of Fort Worth, for appellant.

Baker, Botts, Andrews & Wharton, Tom Scurry, and Albert P. Jones, all of Houston, and Richard & A. P. Mays, of Corsicana, for appellees.

CODY, Justice.

This is a plea of privilege case; however, we are not here concerned with the law of venue, but solely with the question of whether the trial court abused his discretion in permitting the late filing by appellees of their controverting affidavits. A very abbreviated statement of facts will serve this appeal. After appellant had been served with citation, it filed pleas of privilege both with reference to the actions filed by plaintiff and cross-action which had been interposed against it by its codefendant. Appellant therefore had only two parties in the case adverse to it. Appellant did not furnish said adverse parties copies of its pleas of privilege as required by Rule 72 of the Rules of Civil Procedure, and said adverse parties had no actual knowledge that appellant had filed pleas of privilege. After the expiration of the lawful time, the court, in the absence of any controverting affidavits, rendered judgment transferring the cause to the county of appellant's domicile. The first actual knowledge that appellees received that appellant had filed pleas of privilege was the notice received of this judgment transferring the cause. Both appellees filed actions to vacate the order of transfer, and asked leave to file their controverting affidavits, alleging that they were not wanting in diligence but that their failure to know sooner that appellant had filed pleas of privilege was due to appellant's failure to comply with the requirement of Rule 72.

It has been settled by our Supreme Court that a controverting affidavit may be filed late if plaintiff's attorney shows good cause. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978. Also it has been held that if the clerk assumes the duty of notifying a plaintiff of a plea of privilege, and then misinforms said attorney, this will constitute good cause for late filing of a controverting affidavit. Younger Bros. Inc. v. Power, Tex.Civ. App., 92 S.W.2d 1147. See, also, Page v.

Schlortt, Tex.Civ.App., 71 S.W.2d 886; Magnolia Petroleum Co. v. Ory, Tex.Civ. App., 112 S.W.2d 273; Tyler Milk Products Company v. Shipman, Tex.Civ.App., 129 S.W.2d 444. Since there were less than four adverse parties to appellant in this case it was the duty of appellant, under Rule 72, upon filing his pleas of privilege, to mail or deliver to the parties concerned copies of the pleas of privilege with which they were concerned. This appellant failed to do. The trial court found as a fact, upon hearing appellees' motions, that appellees had relied upon Rule 72, that they would be given copies of pleadings filed by appellant, and made no effort to learn if any pleadings had been filed of which no copies had been delivered to them. The court found that the failure of appellant to comply with its duty under Rule 72 was good cause for appellees not sooner learning of the filing of the pleas.

Appellant does not, of course, contend that Rule 72 did not impose the duty upon it to furnish copies of their pleas of privilege to its adverse parties. It contends, however, that Rule 72 was not adopted for the purpose of giving notice to adverse parties of the filing of pleadings, and to that end undertakes to show that said Rule was derived from sections 15, 16 and 17 of Article 2092, and Articles 2002a, 2002b, and 2002c. In a word appellant contends that the purpose of adopting Rule 72 was to prevent the loss of filed papers, and in further support of this theory cites Rule 73, which makes a party liable for costs of certified copies of pleadings where Rule 72 is not complied with.

It may be that Rule 72 was adopted to prevent the withdrawal and consequent loss of filed papers. But the reason for withdrawing papers was to serve the need of adverse counsel who must meet the matters set up in such filed papers. In taking from adverse parties the right to withdraw such papers, said Rule conferred upon them the right to be furnished with copies of such papers, and imposed the duty upon the party filing to so furnish copies of filed papers. Such adverse parties had the right to rely that a party filing pleading would fulfill his duty. A party cannot furnish his adversary with copies of pleadings which he files without incidentally giving notice that the same are copies of pleadings which he has filed. Since notice is thus necessarily implicit, when Rule 72 is complied with, we conclude that the purpose of Rule 72 was to afford adverse parties with such notice as the compliance therewith would furnish adverse parties. In any case it was not an abuse of discretion for the court to find that the failure of appellant to comply with Rule 72, under the facts of this case, was "good cause" for appellees not sooner learning of the filing of appellant's pleas of privilege. We consider it unnecessary to discuss any hearing of Rule 5 upon the facts of this case.

The judgment of the trial court is affirmed.

Affirmed.