This case presents the same question as that decided in Davison v. State, Tex.Cr. App., 313 S.W.2d 883.

My dissenting opinion in that case is adopted here.

**O. S. RAWDON, Appellant,**

v.

**INTERNATIONAL LIFE INSURANCE COMPANY et al., Appellees.**

No. 13332.

Court of Civil Appeals of Texas.

San Antonio.

April 30, 1958.

Rehearing Denied May 28, 1958.

Currie, Kohen & Freeman, Dallas, Petry & Dean, Carrizo Springs, for appellant.

Hornsby & Kirk, Austin, Davee & Davee, Brady, for appellees.

POPE, Justice.

International Life Insurance Company filed suit against B. R. Sheffield and O. S. Rawdon to recover the amount owing on Sheffield's promissory note, and for foreclosure of two tracts of land in Dimmit County. The parties spoke of the land as the Catarina property. Plaintiff alleged that Sheffield sold the land to Rawdon and that he assumed the note. Sheffield cross-claimed against Rawdon and alleged that Rawdon assumed the note, and asked for a judgment over and against Rawdon on the note and for foreclosure. Rawdon defended on the grounds that he did not assume the debt but bought the land subject to the debt, and he asked that the deed be reformed. Rawdon also alleged that Sheffield in making the trade falsely represented to him that there was a well on the land with an abundant supply of fresh water suitable for domestic uses and irrigation purposes. By cross-action Rawdon also sought damages for Sheffield's turning salt water upon the land and damaging the

value of the land. The trial was to a jury which answered only three of the eighteen special issues.

The trial court rendered judgment for the Insurance Company against both Sheffield and Rawdon, for the amount of the note and for foreclosure. The court gave judgment in favor of Sheffield against Rawdon on the note and denied Rawdon's cross-claim. Rawdon appeals upon points which urge (1) that the jury finding that he agreed to assume the debt against the land is against the great and overwhelming preponderance of the evidence, and (2) that the court erred in rendering judgment against him on his cross-claim though the jury failed to answer any of the questions about Sheffield's damaging the land by running salt water upon it.

The judgment in favor of the Insurance Company against Sheffield and Rawdon is affirmed, as well as the judgment for Sheffield against Rawdon. Since Rawdon urges that the finding that he assumed the debt is against the great and overwhelming preponderance of the evidence, we must look to all of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661. When we do that, we find that Rawdon testified that he took the land subject to the debt, and Mr. and Mrs. Sheffield testified that he assumed it. While we will not detail all of the evidence which supports Rawdon's view, we have considered that evidence in reaching our decision. We shall itemize some of the evidence which defeats Rawdon's contention and supports the verdict. The deed itself recites that Rawdon "assumes and obligates himself to pay off and discharge the balance of principal and interest owing on one note for the sum of $37,500.00." The witnesses differed in their understanding of the negotiations leading up to the conveyance. Rawdon denied that he had ever seen the deed, and asserted that it was recorded by someone after it was improperly prepared to contain the assumption agreement. An attorney in Brady prepared the deed, as

well as the papers concerning an earlier transaction between Sheffield and Rawdon. The attorney stated that both Sheffield and Rawdon were present and instructed him concerning the trade of the Catarina property. He made notes of the instructions at the time, and his notes showed that "Mr. Rawdon was to assume a $37,500.00 note payable to International Life Insurance Company * * *." Rawdon denies this, but that presents a question of credibility. Sheffield testified directly that Rawdon assumed the debt after they had argued about the matter more than three hours. Mrs. Sheffield testified that she was present during the negotiations and that she too heard Rawdon agree to assume the debt. Rawdon denied that he ever received the deed or that he knew it contained an assumption of the debt, but Sheffield testified that his attorney recorded the deed on Rawdon's instructions, that the deed and title policy to the land were returned to Sheffield's Brady office, and in turn both were personally delivered to Rawdon. Mrs. Sheffield testified that she maintained a file in the office for Rawdon, and that she delivered the deed, the title policy and some personal mail to Rawdon. Rawdon knew that the deed was recorded, and he took possession of the land after it was recorded. The jury could also weigh the circumstances that Rawdon saw the attorney who prepared the deed, on several occasions after he said he learned that it required him to assume the debt, but never mentioned to the attorney that there was an error in drawing the deed. The jury finding is not against the great and overwhelming preponderance of the evidence. Dyer v. Sterett, Tex.Civ. App., 248 S.W.2d 234, 239.

Rawdon's second point is that the court erred in denying judgment on his cross-claim against Sheffield, though the jury failed to answer issues which, if answered favorably, would have given him a judgment. Rawdon, by his cross-action, claimed damages against Sheffield for fraud upon two independent grounds of recovery. The court submitted two groups of issues upon Rawdon's cross-claim. One group of issues related to fraud concerning a well on the property. The court inquired, by Special Issue No. 7, whether "Sheffield, prior to the conveyance of the Catarina property, represented to Rawdon that the property contained a well with an abundant supply of fresh water suitable for domestic uses and irrigation purposes." Three ancillary fraud issues were submitted, conditioned upon an affirmative answer to Issue No. 7. The jury answered Issue No. 7 in the negative, and therefore the conditionally submitted issues were not answered.

The second group of issues was grounded upon a different fraud, which Rawdon alleged Sheffield committed. This was an independent ground of recovery. Theobalt v. Wiemann, Tex.Civ.App., 104 S.W.2d 589, 592. Rawdon claimed that Sheffield's agent had previously irrigated the Catarina property with salt water and that he, Rawdon, was ignorant of the presence of salt in the land. The court submitted issues which in no way were conditioned upon the fraud inquired about in Special Issue No. 7. They inquired, (1) if Sheffield, through his agent, prior to the sale, irrigated the Catarina property with salt water, (2) if Rawdon was ignorant of the presence of salt in the land at the time he took possession of the land, and (3) if the presence of the salt in the land could not, by reasonable inspection, have been discovered by Rawdon prior to his taking possession. The court then submitted issues about the reasonable market value of the Catarina property both prior to and after the irrigation of the land with salt water. There were no objections to any issues in the charge and all requested charges were given.

After the jury answered Special Issue No. 7, which related to the fraud about the well, the jury returned to the courtroom and asked the question:

"If we have answered Special Issue No. 7, 'No', do we need to answer the rest of the questions?"

The court answered the question in writing by telling the jury:

"If you state you have answered Special Issue No. 7, 'No', you will not be required to answer any of the following questions in this charge."

Rawdon at that time objected to the additional charge. The jury returned the verdict with the unanswered issues, the court received it and rendered judgment against Rawdon.

Rawdon urges that the court's instruction was in error, and that he was entitled to have the jury answer the issues on the independent grounds of recovery, which issues were not conditioned upon Special Issue No. 7. In our opinion, the several issues concerning the presence of salt on the land and its non-disclosure to Rawdon and the resulting damages, would be grounds of recovery entirely independent of the fraud inquired about in Special Issue No. 7. Favorable answers to these issues would have been grounds for a judgment on Rawdon's cross-claim.

█ Sheffield, nevertheless, says that the trial court correctly instructed the jury, for in no event could there be any finding of damages, because the evidence did not raise the issue of damages independent of Special Issue No. 7. Without proof of damages, there could be no recovery for Rawdon, but there was proof of the amount of damages. Rawdon, a real estate man himself, testified that the land without the salt damage would be worth from $125,000 to $135,000, and only $1 an acre with the salt damage, plus the value of the improvements, which he fixed at $7,500. Hence, there was some evidence on the issue of damages. In instructing the jury that it need not answer those issues, the court denied Rawdon a jury trial on a ground of recovery raised by the evidence, and one which he had not waived.

The judgment in favor of plaintiff, International Life Insurance Company, on the note and for foreclosure, is affirmed, as is also the judgment in favor of Sheffield over and against Rawdon. The cross-claim by Rawdon against Sheffield for damages by reason of fraud is severed, and the judgment against Rawdon's cross-claim is reversed and the cause remanded.