## W. S. AND M. W. WHITWORTH v. N. K. ALSTON.

(Case No. 2215)

1. PROMISSORY NOTE—DEED—PROOF—PLEADING—VARIANCE—A. sued W. S.Whitworth and Mattie W. Whitworth on a promissory note, alleging that the note was executed to him by the defendants as a part of the consideration for one hundred acres of land sold by him to them, on the alleged day of the execution of the note, and praying a foreclosure of his lien on the land, as vendor. A copy of the note and a description of the land were appended to the petition, as exhibits; and the defendants were notified to produce the deed made to them, or either of them. On the trial, A. introduced in evidence a note signed by the defendants, which recited that it had been given for a tract of one hundred acres of land, that day conveyed to Matilda W. Whitworth. A deed, of even date with the note, and executed by A., conveying to Matilda W. Whitworth the land described in one of the exhibits to the petition, and reciting that a note for the same amount, and maturing at the same time as the one sued on, constituted a part of the consideration for the land, was then introduced. The trial court rendered judgment in favor of A. for the amount of the note and interest, and decreed a foreclosure of the lien claimed. *Held:*

(1) That the evidence was amply sufficient to sustain the judgment;

(2) That the fact that the deed produced in evidence was made to only one of the defendants did not prove that the land had not been sold to both;

(3) That the land had been sold to both defendants was an averment not necessary to be proved, because the lien would exist if the note was for part of the purchase money, no matter who was the purchaser or vendee.

(4) That the proof, whilst it failed to establish some of the averments not necessary to make out the plaintiff's case, and established some facts not averred, did not show a cause of suit different from the one pleaded.

ERROR from Montgomery. Tried below before the Hon. James Masterson.

The syllabus states the case.

*Harvey & Browne,* for plaintiffs in error, on the question of variance, cited: Hall *v.* Jackson, 3 Tex. 305; 1 W. & W. Rep., 1107.

No briefs on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The evidence was amply sufficient to sustain the judgment. The note introduced in evidence, signed by the defendants, stated that it was given for a tract of one hundred acres of land that day conveyed to Matilda W. Whitworth. A deed was then introduced, bearing even date with the note, conveying to Matilda W. Whitworth the land described in the exhibit to the petition, consisting of one hundred acres, and reciting that a note for the same amount, and maturing at the same time with the

one sued on, constituted part of the consideration for the land. The note identified the deed, and the two instruments completely proved the plaintiff's case.

The second assignment complains that the evidence did not *sustain* the allegations of the petition. A copy of the note was made an exhibit to the petition, and the introduction of the original proved the declaration for debt. The material allegation entitling the plaintiff' to a decree of foreclosure was that the note was part of the consideration for the sale of the land. The proof certainly *sustained* this allegation.

But, under this assignment, it is claimed that there was a variance: between the allegation and the proof. It was stated in the petition: that the land for which the note was given was sold to the defendants —the proof was that the land was *conveyed* to Matilda W. Whitworth. This proof was admitted without objection. The defendants were notified in the petition to produce the deed made to them or either of them. One of the defendants was Mattie W. Whitworth. The conveyance was to Matilda W. Whitworth. Matty is one of the diminutives of the name Matilda. (See Webster's Dic., Eng. Christian Names.)

That the deed was made to one of the defendants does not prove the land was not sold to both. That it was sold to both is an averment not proved, but not contradicted by the evidence. It was not necessary to prove that averment, because the lien would exist if the note was for part of the purchase money, no matter who is the purchaser or vendee. Enough of the allegations were proved to sustain the decree for the debt and foreclosure of the lien; and the proof, whilst it failed to establish some averments not necessary to make out the case, and did establish some facts not averred, did not show a different cause of suit from that pleaded. The judgment is affirmed.

AFFIRMED.

[Opinion delivered February 23, 1886.]