## MARYLAND CASUALTY CO. v. WILSON.

### No. 10165.

Court of Civil Appeals of Texas. San Antonio.

July 14, 1937.

Rehearing Denied Aug. 11, 1937.

Richard H. Mercer, of San Antonio, for appellant.

Hull & Oliver, of San Antonio, for appellee.

SLATTON, Justice.

Owen Leon Wilson filed suit in the Fifty-Seventh district court of Bexar county, Tex., against Maryland Casualty Company, to set aside an adverse award of the Industrial Accident Board. Special issues were answered by the jury favorable to appellee, upon which the trial court entered judgment in favor of appellee and against appellant. The appellant presents for review several propositions raising the lack of evidence to support the verdict, the sufficiency of the evidence to support the verdict, and claims the verdict of the jury is against the great weight and preponderance of the evidence. We shall discuss these questions together.

In this situation wherein the verdict of the jury and the judgment entered thereon is under attack in an appellate court, it is well established in this state that it is the duty of an appellate court to disregard all evidence in the record which is against the verdict of the jury, and to consider only that evidence in the record which is in support of the verdict of the jury, together with every legal inference that may be logically drawn therefrom. Safety Casualty Co. v. Staggs (Tex.Civ.App.) 99 S.W.(2d) 682.

Owen Leon Wilson, appellee, was working for the Central Shoe Repair Company on December 31, 1935; his duties were to solicit repair work, make deliveries of the shoes, such work to be done in one of the company's automobiles. He was paid $10 a week, plus a 5 per cent. commission upon all the work that he was able to solicit and bring in. The record shows that on such date he was employed and made delivery of some shoes belonging to Elmer Hibdon, who resided in the 700 block of Baylor street, at about 9:30 o'clock in the evening; that the shoes were not satisfactory to Hibdon; that Hibdon and his wife wanted to go to a dance that night; and that his wife wanted to use the shoes because she had no others suited for the occasion. Hibdon requested appel-

lee to go back to the Central Shoe Repair Company and get the matter straightened out. Appellee's instructions were to either bring back the cash or else bring back the shoes. It was Hibdon's desire, if it would be satisfactory, that his wife wear the shoes on that occasion and that the company make good on their work thereafter.

After leaving Hibdon's place, the appellee completed some other deliveries and returned to the shoe shop and there found his employer in a state of intoxication. After checking in, that is, making delivery of his cash to the cashier, Wilson started back to Hibdon's home in the 700 block of Baylor street to advise him that it was all right to go ahead and permit his wife to wear the shoes, and that appellee would see that the shoes were repaired afterwards.

It was also in evidence that one Buster Wilcut, who was living on Baylor street in the 200 block, had discussed with appellee the question of repairing some shoes owned by him, and he requested appellee that when he was in his vicinity to call on him with regard to the work he wanted done. At the time appellee returned to and arrived at the Hibdon home, the Hibdons had then already departed. Appellee went to Wilcut's house to solicit the shoe repair work, but on account of a difference in price was unable to obtain the work from Wilcut.

Upon his return from these two errands, and while going toward the garage where the cars were kept, he had a collision and received a serious injury, the extent of which is not in question on this appeal.

■ While it is true that most of the evidence sustaining the verdict of the jury in the record comes from the appellee, who is interested in this case, still there is other evidence in the record which corroborates his evidence. We are of the opinion, therefore, that the verdict of the jury has support in the evidence and that the trial court was correct in submitting the controversial issues to the jury and upon such answers rendering judgment for appellee against appellant thereon. Lumberman's Reciprocal Association v. Behnken et al., 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Federal Surety Company v. Ragle (Tex.Com.App.) 40 S.W.(2d) 63, 65.

In the Ragle Case, supra, Mr. Justice Sharp, speaking for the Supreme Court, approved this language: "It was not nec-essary that the injury complained of by appellee should have been sustained during the hours of actual service which he was required by the terms of his employment to render to said company. The course of his employment was not limited to the exact moment when he reported for duty at the camp that morning, nor to the moment when his labors for the day were completed. It necessarily included reasonable time thereafter to return from said camp to the highway in the usual and customary manner. * * * Neither was it necessary that appellee should have been at the time discharging some specific duty required by his employment. It was sufficient that he was at the time engaged in doing something incident to his employment. * * * 'An accident arises in the course of and out of the employment when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duty and while he is fulfilling that duty or engaged in doing something incidental thereto.'"

It was claimed in this case that at the time the appellee cashed in at about 10 or 10:30 p. m. on the night of December 31, he was instructed to immediately thereafter place his car in the company's garage. However, the appellee denied this and testified, and was corroborated by other witnesses, that frequently it was the custom of employees, such as appellee, to make deliveries and solicit business after having checked in. And if it is true, as testified by appellee and undoubtedly believed by the jury, that after checking in at about 10 or 10:30 p. m. he thereafter went in the company's car to solicit business for the company and called upon the Hibdons and Mr. Wilcut, and upon his return received his injury, certainly such injury was within the course of his employment, and compensable, as is contemplated under our compensation statute (Vernon's Ann.Civ. St. art. 8306 et seq.).

Therefore, all of appellant's propositions attacking the evidence are without merit, and are overruled.

■ Appellant next complains of the refusal of the trial court to submit its specially requested issues, which sought a finding of the jury as to whether or not the appellee had instructions to place the car in the garage after checking in, and if the appellee failed to obey said instructions, and if the same was a producing

cause of his injury. To our minds, these special issues are evidentiary.

In the case of Liberty Mutual Insurance Company v. Boggs, 66 S.W.(2d) 787, 794, the Eastland Court of Civil Appeals says: "If it were a part of Boggs' business as employee to give flying lessons, then the fact that he disobeyed instructions to return the plane at the time he was directed to do so did not remove him from the course of his employment."

The court further says: "He violated no part of the instruction, except that part which required that the return of he plane be 'today.' In no proper sense can it be said that he was killed as the result of disregarding his instructions; but, even if that were the case, the violation of instructions does not necessarily remove an employee from the course of his employment. The authorities establish as correct, we think, the proposition that it is only when an employee in violating instructions thereby does an act which is itself outside the course of employment that the violation of instructions becomes material. * * * It is probably true that only in cases where the course of employment is determinable only from, and is dependent upon, instructions, that the violation of instructions can have controlling effect. If giving flying lessons to students was in the course of Boggs' employment, then it was none the less so simply because he violated an instruction to return with the plane to the airport on the day·previous."

See 71 Corpus Juris, pp. 743, 749.

■■ Appellant, by its seventh and eighth propositions, complains of the action of the trial court in the submission of special issue No. 3, together with the definition of the term "injury sustained in the usual course of his employment." Special issue No. 3, submitted by the trial court, was as follows, to wit: "Do you find from a preponderance of the evidence that the plaintiff, Owen Leon Wilson, received such injury, if any, in the usual course of his employment for Central Shoe Repair Company? * * * By the term 'injury sustained in the usual course of employment,' as used herein, is meant injuries of every kind or character having to do with and originating in the work, business, trade or profession of the employer, received by the employee while engaged in or about the furtherance of, the affairs or business of his employer, whether upon the employer's premises or elsewhere."

The appellant objected to such issue, as follows, to wit: "Because the court should instruct the jury in connection with injuries sustained in the usual course of his employment, in addition to the definition already stated, as follows: 'You are further instructed in this connection that an injury is not sustained in the course of employment if the employee, at the time of receiving the injury, is engaged on a mission of his own convenience and not in the furtherance of the affairs or business of the employer.'"

The appellant bottoms his right to a reversal in this regard on the case ·of Texas Indemnity Company v. Clark, 50 S.W.(2d) 465, which was decided by the Fort Worth Court of Civil Appeals. We have observed that our Supreme Court reversed this cause upon other grounds, which is reported in 125 Tex. 96, 81 S.W. (2d) 67. Whether the opinion of the Fort Worth Court of Civil Appeals is authority for the position taken here by appellant, we do not pause to consider. We are of the opinion that the definition given by the trial court in this case was in accordance with the statute, and his refusal to give the additional definition as hereinbefore set out was not error. Our statute (Vernon's Ann.Civ.St. art. 2189) authorizing the submission of causes upon special issues requires the trial court to define legal terms upon request. This the trial court did. It does not require the trial court to give both an affirmative definition, and at the same·time give a negative definition. As we construe the requested additional definition, it was simply a negative statement of the statutory definition.

In the case of Texas Employers' Insurance Association v. Moyers et al. (Tex. Civ.App.) 69 S.W.(2d) 777, 779, the court says: "It will be observed that the definition of the term as given by the court is in the language of the statute and has been approved. Texas Employers' Insurance Association v. Owen (Tex.Com.App.) 298 S.W. 542. The effect of the first provision of the statute above quoted, in our opinion, is not to change the definition of the term 'injury sustained in the course of employment' in cases where the injury complained of is the result of an act of God, but only has a legal effect of placing upon the injured employee, or his beneficiaries in case of his death, the burden of establishing the additional ultimate fact that the injury was sustained by the employee while engaged in the performance of duties

for his employer that subjected such employee to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public." The requirement of the statute in this particular was fully met by the court in the submission to the jury of special issue No. 3. See, also, Texas Employers' Insurance Association v. Owen (Tex.Com.App.) 298 S. W. 542.

Appellant complains of the charge of the court in that the special issues assumed the affirmative of such issues and therefore was a comment on the weight of the evidence. These complaints are without merit. Russell v. Great American Indemnity Company (Tex.Sup.) 94 S.W.(2d) 409.

There being no reversible error, the judgment is affirmed.