### BULL–STEWART EQUIPMENT CO. v. SPARRA.

#### No. 10414.

Court of Civil Appeals of Texas. Galveston.

Oct. 14, 1937.

Rehearing Denied Nov. 14, 1937.

Frank G. Dyer, of Houston, for appellant.

Allen, Helm & Jacobs and W. S. Jacobs, Jr., all of Houston, for appellee.

GRAVES, Justice.

This uncontroverted statement—amended with the single detail that the judgment was entered upon independent findings of the court from the evidence as well as on the jury's verdict—is taken from the appellant's brief:

"This suit was filed by L. H. Sparra, plaintiff, against Bull-Stewart Equipment Company, defendant, in the district court of Harris County, Texas, plaintiff alleging that on April 11, 1934, his wife, Mrs. Clara Sparra, was injured in an automobile accident occurring on the Houston-Conroe Highway between an automobile in which his wife was a passenger, and a truck owned and operated by the defendant, and, that, as a proximate result of certain specific acts of negligence alleged, his said wife was injured on account of which he was damaged in the sum of Seventy Six Thousand Two Hundred and No/100 ($76,200.00). Defendant answered by general demurrer, general denial, and by special pleas of contributory negligence on the part of Charles Rogers Sparra, plaintiff's son, who was operating the automobile in which plaintiff's wife was a passenger, and who, plaintiff alleged, was operating said car as the agent of plaintiff's wife.

"This cause came on for trial before a jury on June 10, 1936, and was submitted to said jury on Special Issues. The jury, in answer to the various special issues, found that the defendant was guilty of various acts of negligence, each of which was a proximate cause of the collision and the injuries and damages to plaintiff's wife, and that plaintiff's damages amounted in the aggregate to $17,400.00.

"On June 20, 1935, the court entered judgment against the defendant on the jury's verdict and upon independent findings of its own from the evidence for $17,400.00, to which judgment the defendant duly excepted."

In prosecuting its appeal, the appellant presents only these three points for a reversal:

"First Proposition:

"Special Issue No. 34 was submitted to the jury as follows: 'What do you find from a preponderance of the evidence is the reasonable value of the necessary doctors', medical, and hospital expenses rendered to Mrs. Clara Sparra in the treatment of her injuries, if any?' To which the jury answered '750.00.' This issue was objected to by the defendant on the ground that it was duplicitous and multifarious, in that it inquired of the jury the reasonable value of (1) doctors' bills, (2), medical bills, and (3) hospital bills, and submitted more than one ultimate issue involved in this case. Said issue was subject to said objection, and the trial court committed reversible error in so submitting said issue.

"Second Proposition:

"This suit was filed by L. H. Sparra, the husband of Mrs. Clara Sparra, without her joinder, and plaintiff alleged in his petition that the automobile involved in this case was owned by himself and his wife, Mrs. Clara Sparra, and had been damaged as a proximate result of defendant's negligence in the sum of $850.00, for which he sued. The undisputed evidence showed that said automobile was not the community property of plaintiff, L. H. Sparra, and his wife, Clara Sparra, but that it was the separate property of Mrs. Clara Sparra. In view of this state of the pleadings and evidence, it was error for the court to submit Special Issue No. 35 to the jury, as follows:

" 'What do you find from a preponderance of the evidence was the reasonable market value of the DeSoto Sedan owned by Mrs. Clara Sparra just after the collision", over defendant's objection that the undisputed evidence showed that said automobile was the separate property of Mrs. Sparra, and that the damage to said car was not sued for as her separate property, but as the community property of plaintiff and Mrs. Sparra, and that the allegata and probata did not correspond, and the trial court committed fundamental error in rendering judgment in favor of plaintiff, L. H. Sparra, and against defendant for $650.00, the damage to said Automobile.

"Third Proposition:

"During the opening argument to the jury, plaintiff's attorney argued that Dr. Clifford Smith, a witness for plaintiff, was head doctor for the Houston Lighting & Power Company, a big corporation, and that if he had any interest in the case, it was on the side of the corporation and not on the side of the plaintiff. Plaintiff, being an individual, and defendant being a corporation, this argument of plaintiff's counsel was highly prejudicial to the rights of this defendant, in that it was calculated to and probably did arouse prejudice against the defendant, a corporation, and tended to create in the minds of the jurors that Dr. Clifford Smith, plaintiff's witness, was not as favorable to plaintiff in his testimony as he might have been because he was the physician for the Houston Lighting & Power Company, a corporation, and because this defendant was a corporation; and the trial court committed reversible error in overruling defendant's objection to said argument on the ground that it was highly inflammatory and improper and outside of the evidence; and in refusing to grant defendant's motion to declare a mistrial on this ground, and this court should reverse the judgment of the trial court and remand this cause for a new trial on account of this error."

As this court reads them, our authorities—when rightly applied—do not sustain this first contention, those cited by appellant being either distinguishable or not accepted as sound, as, for instance, Roberts v. King (Tex.Civ.App.) 49 S.W. (2d) 991, which the Supreme Court criticized in King v. Roberts, 125 Tex. 623, 84 S.W.(2d) 718. On the contrary, it seems to be the well-recognized principle of the law with us in negligence cases that the injured party is not only entitled to recover the reasonable value of the necessary

treatment and other expenses entailed by the injuries involved, but also that such compensatory damages may properly be found under a single issue that combines the essential details or elements going to make up the whole, which constitutes the ultimate fact in that behalf. Speer's Special Issues in Texas, § 100; Texas City v. Winters (Tex.Com.App.) 222 S.W. 541; Southern Surety Company v. Adams, 119 Tex. 489, 34 S.W.(2d) 789; Texas Employers' Ins. Ass'n v. Pearson (Tex.Civ.App.) 67 S.W.(2d) 630 (error dismissed); Berwald v. Turner (Tex.Civ.App.) 52 S.W.(2d) 112 (error refused); Austin v. De George (Tex.Civ.App.) 55 S.W.(2d) 585 (error dismissed); Texas Cities Gas Co. v. Ellis (Tex.Civ.App.) 63 S.W.(2d) 717.

While the second presentment raises a question that may not be entirely free from doubt, as this judgment would plainly protect the appellant from any subsequent suit by Mrs. Sparra herself for the damages to the automobile resulting from this collision, and since this appellant neither has nor claimed any ownership in the car, it seems to us to have been in no condition to complain of the slight discrepancy between the allegation and the proof as to who did own it; the appellee simply alleged that the automobile "was owned by the plaintiff and his wife, Mrs. Clara Sparra," not stating either that it was their community property or that either of them had any particular kind of ownership therein, while the proof showed Mr. Sparra to have bought it out of his salary, but to have thereafter given his interest to his wife for a Christmas present; this evidence not having been objected to. The authorities relied upon by appellant upon this feature are all cases wherein the pleadings alleged some ownership in one person, whereas the proof showed it to be either in another person or in the plaintiff along with another person; as differing from states of fact of that sort, the holdings of our Supreme Court—at least in instances where the legal equivalent of these facts obtains—seem to have allowed recovery by either plaintiff on proof of his ownership, where the petition alleged ownship generally in all the plaintiffs. Watts v. Johnson, 4 Tex. 311, 312; Whitworth v. Alston, 65 Tex. 528.

Lastly, the complained of argument of appellee's attorney, in the undisputed circumstances attending, is not thought to present prejudicial error, if, indeed, error at all; these counter considerations, together with the authorities appended as in support thereof, are thought by this court to present a complete answer to the assignment, especially since the record fully supports the matters of fact therein recited:

"Defendant's attorney having attempted to show on cross-examination of Mrs. Sparra that she had refused to submit to an examination by a doctor to be appointed by the court, and the evidence showing that defendant's attorney had named certain doctors that would be satisfactory to him, * * * that plaintiff's witness, Dr. Clifford Smith, was the physician of the Houston Lighting & Power Company, doing all their accident work, and that he had known defendant's attorney for about 20 years, was an intimate friend of defendant's attorney, and his family physician since first becoming acquainted with him, plaintiff's attorney was entitled to answer the innuendo from the cross-examination of Mrs. Sparra, to comment upon the credibility of Dr. Smith, and to draw logical inferences from the record concerning his lack of bias, and the argument that Dr. Clifford Smith is the head doctor for the Houston Lighting & Power Company, a big corporation, and if he has got any interest in it, it is on the side of the corporation and not of the plaintiff, did not tend to compare the wealth of the defendant or poverty of the plaintiff, but to present the lack of bias of Dr. Smith as a witness in this case, was not inflammatory, outside the evidence, or prejudicial to the defendant; Austin & N. W. R. Co. v. Cluck, 97 Tex. 172, 77 S.W. 403, 64 L.R.A. 494, 104 Am.St.Rep. 863, 1 Ann. Cas. 261; 41 Texas Jur. 772; Galveston H. & S. A. Ry. Co. v. Duelm, 86 Tex. 450, 25 S.W. 406; Davis v. Hill (Tex.Com.App.) 298 S.W. 526; Corn v. Crosby County Cattle Co. (Tex.Com.App.) 25 S.W.(2d) 290; Russell v. Martin, 121 Tex. 488, 49 S.W.(2d) 699; City of Waco v. Killen (Tex.Civ.App.) 59 S.W.(2d) 940 (error dismissed)."

In the facts thus without any real controversy shown, appellant's suggestion that this argument and testimony out of which it grew was an effort to impeach the medical witness, Dr. Smith, seems plainly inept; on the contrary, if the comment does not upon its face indicate an attempt to stress the credibility of the doctor as having materially supported the appellee's side of the case in his testimony, that was at least the

logical and natural inference from it; wherefore the learned trial court did not err in refusing to declare a mistrial on account of it.

Without further discussion, the judgment will be affirmed.

Affirmed.