SAINT PAUL MERCURY INDEMNITY COMPANY, Appellant,

v.

Reece TARVER, Appellee.

No. 3109.

Court of Civil Appeals of Texas. Eastland.

Oct. 15, 1954.

Rehearing Denied Nov. 12, 1954.

Grisham, King & Willoughby, Abilene, for appellant.

McDonald & Shafer, Odessa, for appellee.

LONG, Justice.

This is a workmen's compensation case. The parties will carry the same designation as in the trial court. Plaintiff, Reece Tarver, instituted this suit against defendant, Saint Paul Mercury Indemnity Company, to recover benefits under our Workmen's Compensation Statutes, Vernon's Ann.Civ.St. art. 8306 et seq. Based upon a jury verdict, the trial court rendered judgment for total and permanent disability in a lump sum of $8,994.67, for hospital and medical expenses for the first four weeks immediately following his injuries in the sum of $848.46 and for hospital and medical expenses after the first four weeks in the amount of $585.95. From this judgment defendant has appealed.

■ Defendant, by its first point, contends the evidence was insufficient to establish that plaintiff was in the course of his employment at the time of the injuries and further, because the overwhelming weight of all the evidence shows that the verdict was clearly wrong and unjust. In passing upon this point it is our duty to view the evidence in its most favorable light in support of the judgment, disregarding all adverse evidence and give credit to all evidence favorable to the plaintiff and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved.

Plaintiff, Reece Tarver, was employed by Perforating Guns Atlas Corporation in Odessa as a field salesman and had been so employed for about eighteen months prior to December 4, 1952, when he sustained serious injuries in an automobile accident. Perforating Guns Atlas Corporation dealt in specialized services on oil wells such as perforating and well logging. It was plaintiff's duty to contact prospective customers in the oil field, or elsewhere, and sell the services of the company. Plaintiff's employer furnished him an automobile for this purpose and paid all his necessary expenses, including oil and gas and other operating expenses of the automobile and his personal expenses, such as hotels and meals, incurred while plaintiff was on the road. Plaintiff had no definite hours of work. In other words, he was subject to call both day and night. The matter of making the contacts was left largely to the discretion of plaintiff.

■ In September, 1952, plaintiff's employer opened an office in Abilene which had not made satisfactory progress. Under the direction of Mr. Jack Hailey, plaintiff's superintendent, plaintiff went to Abilene to assist the office there in any manner he could. He was directed particularly to make a spot check and survey of wells operating in that area. Competition in the Abilene area was keen and it was necessary to make these checks because there were more independent operators there than in Odessa. Plaintiff arrived in Abilene on December 2, 1952 and worked on the 2nd, 3rd and 4th of December, 1952, in connection with other employees in that office. After making several calls in the Abilene area with Mr. Ennis, the manager of the local office, plaintiff returned to Abilene in the afternoon of December 4, 1952 and reported to his superintendent in Odessa by telephone. During the progress of this telephone conversation, plaintiff requested permission to take off the following Saturday and Sunday, December 6th and 7th, to attend a family reunion at Goldthwaite. This permission was granted. In that conversation plaintiff requested his superintendent to advise his daughter in Odessa that he would return to Odessa Friday night, leave the company car and that he, in company with his daughter, would go to the reunion on Saturday morning. After this conversation, plaintiff went with Mr. Ennis to his apartment where they had two drinks of liquor. After leaving the apartment plaintiff went to his hotel in Abilene. Thereafter he proceeded in the general direction of Brownwood, Texas, according to plaintiff's testimony, for the purpose of checking the number of rigs running through that area and to make such calls as might

be necessary. Plaintiff testified that he intended to eat his evening meal at Brownwood and return to Abilene by way of Winters and make calls on customers on the way back to Abilene. Plaintiff proceeded in the direction of Brownwood and made a stop at one well. Before reaching Brownwood he had an automobile accident as a result of which he was seriously injured. On the occasion in question the wife of plaintiff was in Goldthwaite visiting her father and mother. Plaintiff testified that if he reached Brownwood in time it was his intention to telephone his wife to meet him in Brownwood for the purpose of eating their evening meal together. The foregoing is, in brief, the evidence most favorable to plaintiff in support of the finding of the jury that plaintiff was in the course of his employment when injured. There are some contradictions and discrepancies in the evidence which are such that the jury would have been justified in finding that the plaintiff was not in the course of his employment at that time. However, under our system it is the province of the jury to weigh the evidence and pass upon the credibility of the witnesses and the weight to be given their testimony. This court has no right to disturb the verdict of a jury when the evidence is such that reasonable minds might differ on the issue to be determined. We have such a case here. The evidence is conflicting on the issue whether the plaintiff was in the course of his employment, but these conflicts were for the jury to determine. We have carefully considered the evidence and we believe it is sufficient to support the finding that plaintiff was in the course of his employment when injured. The trial court did not err in overruling the motion for an instructed verdict.

What we have said clearly demonstrates that we cannot hold that the overwhelming weight of the evidence shows that the verdict was clearly wrong and unjust. Maryland Casualty Company v. Stewart, Tex.Civ.App., 164 S.W.2d 800 (Refused Want of Merit); Texas Employers' Ins. Ass'n

v. Brumbaugh, Tex.Civ.App., 224 S.W.2d 761; Southern Surety Co. v. Shook, Tex. Civ.App., 44 S.W.2d 425 (Writ Ref.); Hartford Accident & Indemnity Co. v. Bond, Tex.Civ.App., 199 S.W.2d 293 (Refused, No Reversible Error.)

Defendant contends plaintiff cannot recover because at the time of his injury in the automobile accident he did not have a driver's license. To support this position appellant cites Bugh v. Employers' Reinsurance Corporation, 5 Cir., 63 F.2d 36. This case was decided before the amendment of Article 8309, Sec. 1, Vernon's Annotated Revised Civil Statutes, which provides in part as follows:

"* * * and provided further that any person, who may be performing or doing work or service that may be otherwise legally performed or done, shall be deemed an employee as herein defined and shall be entitled to receive compensation under the terms and provisions of this Act despite the fact that such person may not have secured a license, permit or certificate to perform or do such work or service as may be required by any Statute or municipal ordinance, or despite the fact that such person may have been performing or doing such work or service in violation of any wage law, hour law or Sunday law."

We believe that under the provisions of the above Article the fact that plaintiff did not have a driver's license did not preclude him from recovering benefits under our Workmen's Compensation Law. Complaint is made of the following argument by counsel for plaintiff:

"They have been arguing that this man has remained on the payroll of Perforating Guns Atlas Corporation since he was hurt. Saint Paul Mercury Insurance Company, that he is talking about, has probably been sending Perforating Guns Atlas Corporation a check every month so they would keep him on the payroll."

[6, 7] The trial court sustained the objection and instructed the jury not to consider it. Counsel for plaintiff withdrew the argument and asked the jury not to pay any attention to it. We believe that reversible error is not shown. It was not such argument that the harmful effect thereof could not be removed by the instruction not to consider it. We must presume that the instruction by the court and the withdrawal of the argument with request by counsel for plaintiff for the jury not to pay any attention to it is sufficient to remove any harmul effect. The burden was upon defendant to show that the argument was improper and was such that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Aultman v. Dallas Railway & Terminal Company, Tex.Sup., 260 S.W.2d 596. We have examined the entire record and cannot say that the argument was such as was reasonably calculated to cause and probably did cause the rendition of an improper verdict.

■ The court submitted to the jury special issues No. 4 as follows:

"Do you find from a preponderance of the evidence that Reece Tarver sustained, if he did sustain, personal injuries, if any, on the 4th day of December, 1952, in the course of his employment for Perforating Guns Atlas Corporation?"

In connection with said issue, the court instructed the jury as follows:

"The term 'Injuries Sustained in the Course of Employment', as used in this charge, means an injury of every kind or character having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere, but does not include injuries received by an employee while in a state of intoxication, nor when such employee is engaged on a mission solely for his own convenience."

Appellant excepted to special issue No. 4 and the instruction given therewith because the court did not instruct the jury in the negative, that is, did not instruct it when an injury is not sustained in the course of employment. Defendant also requested the court to submit the following instruction to the jury:

"You are instructed that an injury is sustained: 'in the course of employment' as that term is elsewhere used in the Charge submitted to you, when said injury has to do with and originates in the work of the employer, and is received while engaged in or about the furtherance of the affairs or business of the employer, whether upon the employer's premises or elsewhere.

"You are further instructed, in this connection, that an injury is not sustained 'in the course of employment' if the employee, at the time of receiving the injury, is engaged on a mission solely of his own convenience and not in the furtherance of the affairs or business of the employer."

The court refused such requested instruction and a request to amend the charge to meet the objections of defendant thereto. This action is here assigned as error. We find no error in this assignment. The court instructed the jury in the language of the statute. The request was simply a negative statement of the statutory definition. Our Rules of Civil Procedure do not require the court to submit both an affirmative and negative instruction. R.C.P. 277; Liberty Mutual Insurance Company v. Hughes, Tex.Civ.App., 238 S.W.2d 803, 808 (RNRE); Maryland Casualty Company v. Wilson, Tex.Civ.App., 108 S.W.2d 260 (W.D.).

■ By its second point, appellant complains of the action of the trial court in rendering judgment for hospital and medical expenses accruing after the first four

weeks from the date of the injury. We find no merit in this point. Defendant contends these expenses are not recoverable because plaintiff did not comply with the provisions of Article 8306, Sec. 7, Vernon's Annotated Revised Civil Statutes, there being no pleading or proof that the Industrial Accident Board had authorized such expenditures. Defendant has at all times denied liability on the ground that plaintiff was not within the course of his employment at the time he was injured. Defendant had due notice of the injury.

The trial court was justified in concluding that defendant would not have furnished these services if the terms of the statute had been strictly followed. This point is overruled under the authority of Texas Employers' Ins. Ass'n v. Hierholzer, Tex.Civ.App., 207 S.W.2d 178 (Writ Ref. N.R.E.); Great American Indemnity Company v. Beaupre, Tex.Civ.App., 191 S.W. 2d 883 (Writ Ref. N.R.E.); Security Union Casualty Co. v. Roberts, Tex.Civ.App., 298 S.W. 164 (Writ Ref.).

We have examined all points raised by defendant and find no merit in any of them.

The judgment of the trial court is affirmed.