**William M. DILLARD, Appellant,**

v.

**Elroy J. GRIFFIN, Appellee.**

**No. 16177.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 9, 1960.

Rehearing Denied Jan. 6, 1961.

James J. Collins, Dallas, for appellant.

Bailey & Williams and Louis J. Weber, Jr., Dallas, for appellee.

RENFRO, Justice.

Suit was brought by William M. Dillard against Elroy J. Griffin for personal injuries and property damages sustained in an intersection collision.

The jury found that the failure of the defendant to keep a proper lookout was a proximate cause of the collision. All other

issues submitted **regarding** defendant's negligence were answered favorably to him.

The jury found that plaintiff's contributory negligence was a proximate cause of the collision in failing to keep a proper lookout, operating the vehicle at an excessive rate of speed, failing to timely apply his brakes, and failing to yield the right of way.

The plaintiff, by separate points of error, contends that each and every issue answered adversely to him should be set aside on the ground of no evidence.

■ The appellate court must consider that evidence which viewed in its most favorable light supports the jury's findings. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359. So viewed, the record shows the collision occurred at the intersection of Oak Lawn Avenue in the City of Dallas and what is termed a service road to Harry Hines Boulevard. The defendant was traveling west and entered the intersection on a green signal light, to make a left turn on the service road. The signal light changed to red while he was in the intersection, with ten to twenty cars facing him traveling east on Oak Lawn Avenue. At the time the light facing westbound traffic turned red, the signal light turned green for eastbound traffic. Oak Lawn Avenue is a divided highway and on the south side has three lanes for eastbound traffic. The two inside lanes were, as stated, occupied by a large number of automobiles which were blocked from proceeding east by the "trapped" car of defendant. The drivers of those cars motioned defendant to proceed with his turn, which he did.

Plaintiff, in the meantime, was traveling east on Oak Lawn Avenue and was approximately 200 feet west of the intersection when the light turned green, traveling at a rate of from 20 to 28 miles per hour. There was no traffic in the "curb" lane where he was traveling but he saw the long line of cars in the other two lanes. He proceeded to travel the 200 foot distance at the same rate of speed, never slowed up and never applied his brakes, until he was within two or three feet of defendant's car; he was in what was described as a small car. In his own words, as he was approaching the intersection, "You have to be right up on that intersection, for this reason; there is a concrete abutment that goes all of the way from the street level to the underside of the bridge, and in this lane here, you cannot see behind that abutment." Neither could he see over or through the two lanes of stalled cars between him and the center of the intersection. Plaintiff was familiar with the intersection and knew the difficulty of seeing traffic approaching from the east on Oak Lawn Avenue immediately prior to entering and turning into the intersection. Nevertheless he proceeded into the intersection without in the least diminishing his speed.

■ Ordinarily, proper lookout is a question for the jury. Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332.

■ Although plaintiff had a green light, he was not entitled to close his eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated, namely, that there was an impediment of some kind to traffic in the intersection immediately ahead of him. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95; Lynch v. Ricketts, Tex., 314 S.W.2d 273; Joe D. Hughes, Inc. v. Moran, Tex.Civ.App., 325 S.W.2d 829. Under the circumstances, the jury was justified in believing that the plaintiff failed to keep a proper lookout, and that under the same circumstances and in view of the situation as it existed at the time, he was traveling at an excessive rate of speed.

The points of error are overruled.

The plaintiff also contends the court erred in failing to submit two requested special issues on primary negligence concerning the defendant. We find that the court submitted all issues which were justified by the pleadings and the evidence.

Other points of error complain of the inadequacy of the amount of damages found for plaintiff, both for personal injuries and to his automobile.

Since the jury has found, on ample evidence, that plaintiff's contributory negligence was a proximate cause of the collision, it becomes immaterial the amount of damages found by the jury.

All points of error are overruled and the judgment of the trial court is affirmed.