George A. JACKSON, Appellant,

v.

Ruby D. HEXTER et al., Appellees.

No. 16251.

Court of Civil Appeals of Texas.

Dallas.

Nov. 8, 1963.

Piranio & Fults, Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellees.

BATEMAN, Justice.

Appellees, suing as the shareholders of Monte Christo Development Company, a dissolved corporation, alleged that appellant, then a vice president of that corporation, received certain checks in the aggregate sum of $2,639.46, payable to and owned by the corporation, and endorsed each of them as follows:

> "Pay to the order of
> Geo. A. Jackson
> Monte Christo Development Co.
> By Geo. A. Jackson
> Vice President,"

then by rubber stamp endorsed them "for deposit only" and deposited them in his own account in a Dallas bank, thus converting corporate funds to his own use and benefit.

Appellant answered that the amount in controversy here was compromised and settled by a written agreement dated August 27, 1955; that in January 1953 appellant, the appellee Louis J. Hexter, and one Harrell entered upon a joint adventure to acquire and develop a tract of land in Hidalgo County, Texas, in connection with which the said Monte Christo Development Company and Border Development Company were organized and incorporated; out of which dealings certain differences arose between the parties which appellant sought to resolve by suing the said Hexter and others, which suit was compromised and settled by the said agreement of August 27, 1955.

At the close of the evidence in this present suit, all parties agreed that the jury be discharged and the case decided by the trial judge. Judgment was rendered in favor of appellees for the full amount of the checks mentioned. We affirm.

By his one point of error on appeal appellant says the judgment against him was erroneous because of the said compromise settlement agreement. An examination of the entire record shows that this point is wholly without merit for three reasons:

1. The agreement of August 27, 1955 is not signed by the corporation, Monte Christo Development Company, the owner of the cause of action herein asserted by appellees; neither does the agreement even purport to cover or dispose of any property, asset or cause of action of the corporation.

2. While in the said agreement of August 27, 1955 the appellant gives to the appellees herein a full and general release, the agreement does not contain any such general release by the appellees of any and all claims which they may have against the appellant, and of course the particular liability or claim asserted in this suit is not even mentioned, much less released.

3. The evidence shows that the checks in question were dated and received and appropriated by appellant in the latter part of July, 1955 and the early part of August, 1955, shortly before the so-called compromise agreement, but that none of the appellees knew anything about the checks at the time the agreement was made.

Under this state of facts, there was nothing the trial court could have done except to render the judgment appealed from, and we accordingly affirm the same.

Appellees urge that we assess the damages provided for in Rule 438, Vernon's Texas Rules of Civil Procedure against appellant as a penalty for prosecuting a frivolous appeal. While we find the appeal to be without merit, we are not willing to hold that it "has been taken for delay and that there was no sufficient cause for taking such appeal." Hence, the penalty will not be added to the judgment.

Affirmed.