**TRINITY UNIVERSAL INSURANCE COM-
PANY, Appellant,**

v.

**Buford FARLEY, Appellee.**

No. 235.

Court of Civil Appeals of Texas.

Tyler.

Nov. 10, 1966.

Larry W. Starr, Houston, Kenley, Boyland & Hawthorn, Longview, for appellant.

Ken McConnico, Gordon Wellborn and Rex Houston, Henderson, for appellee.

DUNAGAN, Chief Justice.

This is a workmen's compensation suit. The appellee, Buford Farley, plaintiff in the trial court, brought this suit against Trinity Universal Insurance Company, appellant, defendant in the court below for injuries sustained by the appellee while working for Smith Chevrolet Company, Henderson, Texas. A trial before the jury resulted in a finding awarding total and permanent benefits and $645.00 in medical benefits. The appellant, Trinity Universal Insurance Company, has appealed.

The appellant has brought forward eight points in which it complains the trial court committed error. Appellant in its first six points contends that the trial court erred in rendering judgment based on the jury's answers to Special Issues Nos. 6 and 8 for the following reasons: (1) that there is no evidence; (2) that the evidence is insufficient; (3) and that the jury's findings to said issues are contrary to the overwhelming weight and preponderance of the evidence.

Special Issues Nos. 6 and 8 and the jury's answers thereto are as follows:

"SPECIAL ISSUE NO. 6

"Do you find from a preponderance of the evidence that such total incapacity, if any, was or is permanent or temporary?

"Answer 'Permanent' or 'Temporary'

"ANSWER: 'Permanent' "

"SPECIAL ISSUE NO. 8

"Do you find from a preponderance of the evidence that Mr. Farley's incapacity, if any, was or is partial for any length of time?

"Answer 'Yes' or 'No'

"ANSWER: 'No' "

The appellee presented the testimony of five lay witnesses who fully testified as to the injury and the extent thereof received by the appellee, which testimony was favorable to his claim of permanent total disability.

In addition to the lay testimony the appellee also presented medical testimony of Doctors James Mann and Hascall H. Muntz to support his allegations of injury, the nature and extent thereof.

Dr. Mann, who had been appellee's family doctor for about eight years, to whom the appellee immediately went after the injury and who thereafter continued to treat him for said injury, and Dr. Hascall H. Muntz, to whom the patient was referred by Dr. Mann, and who first saw him on April 27, 1965, both testified that the appellee is totally and permanently disabled. Their conclusions are predicated not on mere speculation, but on the extensive clinical findings and observations and on the fact that the appellee tried to return to his old job and could not do the work and that several months later attempted to work for an insurance company as a collection agent

and likewise could not do the required amount of work. Predicated upon reasonable medical probability, Dr. Mann and Dr. Muntz also testified that the appellee was so disabled for life. It would serve no useful purpose to lengthen this opinion by detailing the testimony of these witnesses and the other evidence relied upon to support the findings of the jury to the Special Issues in question.

It suffices to say that consideration of appellant's points has required us to examine the entire statement of facts and we have so conducted our examination of the record in the light of the rules announced by the Supreme Court in In re: King's Estate, 150 Tex. 662, 244 S.W.2d 660. In determining the "no evidence" question, which is one of law, we may consider only that evidence, if any, which viewed in its most favorable light, supports the jury findings and we must disregard all evidence which would lead to a contrary result. Thomas v. Magnolia Chemical Company of Texas, Inc., 394 S.W.2d 50, (Tex. Civ.App.) 1965, writ ref., n. r. e.; Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359, (S.Ct.) 1957; and Dillard v. Griffin, Tex.Civ.App., 341 S.W.2d 696, writ ref., n. r. e. In determining the "insufficient evidence" question, which is one of fact, we consider and weigh all the evidence in the case to determine whether the verdict is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. We deem the evidence to be ample to support the jury's findings to Special Issues Nos. 6 and 8, and that none of the answers made by the jury in response to said issues are so contrary to the weight and preponderance of the evidence as to be manifestly wrong and unjust. See Adams v. Houston Belt & Terminal Railway Company, 405 S.W.2d 838, 843, (Tex.Civ.App.) 1966, n. w. h. Appellant's points 1 through 6 are overruled.

There seems to be no fixed rule of evidence by which a claimant is required to establish the fact that he has suffered an injury that caused permanent total disability. The rule seems to be that where it can reasonably be inferred from the evidence that the plaintiff's injuries are permanent and totally disable him from performing his usual tasks as a workman in such a way as to enable him to procure and retain employment, a verdict in his favor on the issue of total permanent incapacity will be affirmed. Traders & General Ins. Co. v. Daniel, (Tex.Civ.App.) 131 S.W.2d 276, dism., judg. cor.; Texas Employers Insurance Ass'n v. Smith, 374 S.W.2d 287, (Tex.Civ.App.) 1964, n. w. h.; Connecticut Indemnity Company v. Henson, Tex.Civ. App., 388 S.W.2d 300, n. w. h.

The duration and extent of disability resulting from an injury is at best an estimate which must be determined by a jury from all the pertinent facts before it. Texas Employers Insurance Ass'n v. Smith, supra; Angelina Casualty Company v. Spencer, 310 S.W.2d 682, (Tex.Civ.App.) 1958, writ ref., n. r. e. Other cases which we think support our holding are: Export Insurance Company v. Johnson, 401 S.W.2d 324, (Tex.Civ.App.) 1966, writ ref., n. r. e.; Davies v. Texas Employers' Ins. Ass'n, 29 S.W.2d 987, (Tex.Com.App.) 1930.

Appellant by its seventh point of error contends that: "The trial court erred in entering judgment for plaintiff for doctor's expenses and hospital expenses in the sum of Six Hundred and Forty-Five Dollars because there is no evidence that plaintiff ever requested defendant to furnish plaintiff with any such treatment or services, nor is there any evidence that defendant ever refused, failed or neglected to furnish plaintiff with any medical treatment or hospitalization."

Dr. Mann's charges for services for treating the appellee from the date of the injury, June 2, 1964, until May 1, 1965, was $445.00 and this bill was paid by the appellant, Trinity Universal Insurance Company. However, as we understand the record, Dr. Mann's charges for services subsequent to May 1, 1965, in the sum of $58.00, Dr.

Muntz's charges for his services since June 2, 1964, in the sum of $408.00 and the charge of $179.00 for the second period of hospitalization was not paid by the appellant.

In response to Special Issues Nos. 16, 18, 19, 21, 22 and 24, the jury found the medical expenses and hospital charges that are in dispute here to be reasonable charges; and said charges to be reasonably required to relieve appellee from the injury on the date alleged. The jury also found in response to Special Issues 17, 20 and 23 that appellant failed to furnish the charges for which such expenses were charged. In summary, the jury's findings are that the medical and hospital expenses in the sum of $645.00, being the sum in dispute, were reasonable and necessary and that the defendant failed to furnish such services.

The appellant makes no contention that the services rendered to the appellee, for which the total charge therefor amounted to the sum of $645.00 in dispute here, were not necessary or reasonable nor were reasonably required to relieve the appellee from any of the effects naturally resulting from the injury. It seems to be undisputed that appellant was duly notified of the injury complained of. As we understand appellant's position, its sole contention is because it was not shown that appellee at any time requested the appellant to furnish him with such treatment or services, nor that it ever refused, failed or neglected to furnish appellee with any medical treatment or hospitalization, that appellee is precluded from recovery for such medical services and the trial court erred in rendering judgment therefor.

Article 8306, Sec. 7, as amended in 1957, provides in part that:

"If the association fails to so furnish reasonable medical aid, hospital services, nursing, chiropractic services and medicines as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, nursing, hospital services, chiropractic services, and medicines at the cost and expense of the association."

In the case of Travelers Insurance Company v. Hernandez, (5th Cir.) 1960, 276 F. 2d 267, in construing Section 7 of Article 8306 of the Texas Workmen's Compensation Act, the court said:

" * * * The fact that no express demand was made upon the carrier to furnish additional medical services does not preclude recovery here. For, upon sufficient evidence, the jury found that such expenses were reasonable and were needed by the plaintiff for proper diagnosis and treatment, and the court, which had reserved the right to determine whether they were recoverable, determined that they were."

We think this case is controlling on this point. See also: United States Fidelity and Guaranty Company v. Camp, Tex.Civ.App., 367 S.W.2d 952, 1963, writ ref., n. r. e.

We do not understand that Section 7 of Article 8306 of V.A.C.S. precludes recovery here under the facts because appellant was not requested to furnish such medical care. We think that the provisions of Section 7 and the decision construing it clearly shows that the intent of the law is that the carrier has the responsibility of furnishing all reasonable and necessary medical care for any compensable injury under the Texas Workmen's Compensation law after proper notice thereof has been given. Appellant's point No. 7 is overruled.

■ Appellant next contends by its remaining point that:

"The trial court erred in overruling paragraph four of defendant's objections and exceptions to the court's charge, which objection was:

" 'Defendant objects to Special Issue No. 6, wherein the court inquires if the plaintiff's total incapacity was, or is, permanent or temporary, because in placing the term "permanent" and the term "temporary" in the same special

issue and submitting such terms and inquiries in the disjunctive, the court is placing as much burden on the defendant to establish by a preponderance of the evidence that the plaintiff's incapacity is not permanent but temporary as it places on the plaintiff to establish that it is not temporary but permanent.'"

We feel that the contention under its third point has been decided adversely to appellant in Texas Employers' Ins. Ass'n. v. Tate, 214 S.W.2d 877, (Tex.Civ.App.) 1948, n. w. h., wherein the court stated:

"Submission of the issue of permanent or temporary disability in one question seems clearly authorized by that part of Rule 277, Texas Rules of Civil Procedure, which reads as follows: '* * * the court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists. For example, the court may, in a workmen's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled.' * * * We can find no error in the fact that the issues of permanent and temporary disability were submitted disjunctively in the same question, nor can we find any error, either under the present rules or under any decision under the former statutes, in submitting both inquiries conditionally on an affirmative answer to issue No. 5. * * *"

A special issue in the same or substantially the same form as the one in question here has been approved in this state by numerous cases, only a few of which we will cite: Texas Employers' Ins. Ass'n. v. Pillow, 268 S.W.2d 716, (Tex.Civ.App.) 1954, writ ref., n. r. e.; Texas Employers' Ins. Ass'n. v. Foreman, 236 S.W.2d 824, (Tex.Civ.App.) 1951. In the Foreman case the Supreme Court, 150 Tex. 468, 241 S.W.2d 977, in reversing the judgment of the Court of Civil Appeals on other grounds, expressly agreed with the approval of the Court of Civil Appeals of a special issue substantially in the same form as the one in question before us. This point is overruled.

By cross point appellee, Buford Farley, seeks to invoke Rule 438, Texas Rules of Civil Procedure, which provides that where the court finds an appeal to have been taken by a defendant for delay and that there was no sufficient cause for taking the appeal, such appellant shall pay ten per cent of the amount in dispute as damages. We have examined the record, and while, in our opinion, none of appellant's assignments of error should be sustained, we cannot say that the points presented are so clearly without merit as to justify the conclusion that the appeal was not taken in good faith, but solely for the purpose of delaying the execution of the judgment of the court below. The right to appeal is a most sacred and valuable one and unless the record on appeal is such as to justify the conclusion that the appellant, at the time his appeal was perfected, had no reasonable ground to believe that the judgment should be reversed, he should not be penalized for availing himself of the right of appeal. We believe it would be a reasonable assumption to say that the appeal was taken upon advice of appellant's counsel. To say under this record that counsel did not have sufficient cause to take an appeal would be to deny its right to look at the case from the standpoint of an advocate. The points presented and the manner in which they are briefed indicate that the appeal was brought in good faith. In our opinion, some of the matters urged by appellant in this appeal are not so trivial and obviously devoid of merit as to warrant the conclusion that the appeal was not prosecuted in the hope of reversing the judgment, but frivolously perfected solely for the purpose of delay. The cross point is overruled. Jackson v. Hexter, 372 S.W.2d 570, (Tex.Civ.App.) 1963, n. w. h.; Ollok v. United Heat Treating Company, 318 S.W.2d 785, (Tex.Civ.App.) 1958, n. w. h.; Travelers Insurance Company v. Beisel, 382 S.W.2d 515, (Tex.Civ.

App.) 1964, n. w. h.; Ferguson v. Chapman, 94 S.W.2d 593, (Tex.Civ.App.) 1936, writ dism.; Traders & General Ins. Co. v. Batson, 253 S.W.2d 488, (Tex.Civ.App.) 1952, writ ref., n. r. e.

The judgment of the trial court is affirmed.