**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

**v.**

**Josephine HANCOCK et vir, Appellees.**

**No. 16862.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 8, 1967.

Rehearing Denied Jan. 5, 1968.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox and Atwood McDonald, Fort Worth, for appellant.

Kelly Jacobs, and L. T. Wilson, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

This is a workmen's compensation case. Judgment was rendered for plaintiff upon a

jury verdict of total and permanent incapacity and for the sum of $4,456.82, representing medical bills. A judgment was also rendered in favor of Harris Hospital for $1,291.20. Harris Hospital does not join in this appeal.

The appellant contends the court erred in overruling its motion for judgment notwithstanding the verdict in that there was no evidence or insufficient evidence to support the jury's finding of permanent disability. More specifically the complaint is that there was no expert testimony in support thereof. Further complaint is made of the court's submission of the question of medicine, hospital and doctor's bills in a single issue rather than separate issues as to each item of such expenses, and in failing to submit issues as to whether or not plaintiffs requested defendant to furnish the various items of medical and hospital services in question or gave notice to defendant of any such request.

We affirm.

On November 18, 1964, the appellee Mrs. Josephine Hancock fell to the floor at Harris Hospital, in Fort Worth, where she was employed. She testified that someone helped her up. At that time she did not have any idea she had received any lasting injury. She worked until about 3:00 o'clock that afternoon, the end of her normal working day, and on the two following days, Thursday and Friday. Saturday and Sunday were not working days for her. She was scheduled to start a week vacation on the following Monday, November 23. She entered Harris Hospital as a patient on November 24, and remained there until December 19, during which period she was treated for pneumonia. Harris Hospital bill on this occasion was $1,164.00. Doctor bills were $190.00.

She eventually went back to work on January 11, 1965, and worked for about two weeks. She re-entered Harris Hospital as a patient on March 28, 1965, and remained there until April 22, during which time she underwent an operation relating to the scalenus muscle. She was discharged from the hospital on this occasion on April 22, 1965. Harris Hospital bill for this stay amounted to $864.45.

On February 22, 1966, Mrs. Hancock again re-entered Harris Hospital as a patient, and on April 4 underwent surgery involving a spinal fusion. The Harris Hospital bill on this occasion amounted to $1,690.55. The bill of Fort Worth Bone and Joint Clinic covering services of Dr. McDonald from January 29, 1965 to date of trial was $1,013.00. There were other items of medical expenses contained in the pleadings including a trial amendment all of which totalled $7,138.54.

■ Based upon our examination and study of the record as a whole we are of the opinion that there is ample evidence in support of the jury's finding of permanent disability. The record contains expert testimony as well as non-expert testimony in support of the verdict and the judgment based thereon. Under this record we have no authority to disturb the judgment. Suffice it to say that there was evidence which would have supported a verdict either way and thus presented an open question for the trier of the facts. It was resolved against the defendant. Trinity Universal Insurance Company v. Farley, Tex.Civ. App., 408 S.W.2d 776 (Tyler Civ.App., 1966, no writ hist.); Associated Employers Lloyds v. Self, Tex.Civ.App., 192 S.W.2d 902 (Dallas Civ.App., 1946, ref., n. r. e.); Standard Accident Insurance Company v. Mize, Tex.Civ.App., 378 S.W.2d 686 (Amarillo Civ.App., 1964, no writ hist.).

■ The record reflects that there was notice of injury to the subscriber; a denial of liability by the insurer and failure of the latter to provide medical service for Mrs. Hancock. The jury found such failure on the part of the defendant to provide medical service and that plaintiff necessarily incurred charges for medical expenses in treatment of her injuries. Great American Indemnity Co. v. Beaupre, Tex.Civ.App., 191 S.W.2d 883 (Dallas Civ.App., 1945, writ

ref. n. r. e.); Trinity Universal Insurance Company v. Farley, Tex.Civ.App., 408 S.W. 2d 776 (Tyler Civ.App., 1966, no writ hist.); Travelers Insurance Company v. Hernandez (5th Cir. 1960), 276 F.2d 267; United States Fidelity and Guaranty Co. v. Camp, Tex.Civ.App., 367 S.W.2d 952 (Houston Civ.App., 1963, writ ref. n. r. e.); Saint Paul Mercury Indemnity Company v. Tarver, Tex.Civ.App., 272 S.W.2d 795 (Eastland Civ.App., 1954, writ ref. n. r. e.).

Article 8306, Sec. 7, Texas Revised Civil Statutes, provides, "If the association fails to so furnish reasonable medical aid, hospital services, nursing, chiropractic services and medicines as and when needed after notice of the injury to the association or subscriber, the injured employee may provide said medical aid, nursing, hospital services, chiropractic services, and medicines at the cost and expense of the association."

Article 8309, Sec. 1, Texas Revised Civil Statutes, defines "subscriber" as follows: " 'Subscriber' shall mean any employer who has become a member of the association by paying the required premium; * * *."

Harris Hospital, Mrs. Hancock's employer, comes within the definition of a subscriber and it had notice of the injury on the date that it occurred.

Claudia Crooks was Mrs. Hancock's immediate supervisor at the Harris Hospital; the plaintiff signed an unusual occurrence report in Mrs. Crooks' presence on the date of the injury. Louis M. Dennis, Director of Personnel at Harris Hospital, a representative or agent for the defendant herein, was also notified in behalf of the defendant.

Under Sec. 7 of Art. 8306, V.A.C.S., supra, the carrier has the responsibility of furnishing all reasonable and necessary medical care for any compensable injury after proper notice thereof has been given. The fact that no express demand was made upon the carrier to furnish such care would not preclude recovery under the facts of this case in which the jury found that the defendant failed to furnish reasonable and necessary medical aid after November 18, 1964, and the defendant has denied liability at all times.

Further with reference to notice, Rule 93, *Texas Rules of Civil Procedure*, provides in part as follows: "In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, unless denied by verified pleadings:

"(1) Notice of injury. * * *"

There was no denial of notice by verified pleadings apparent in the record.

■ The appellant raised two general objections to the claim for reimbursement of medical expenses. The first was that appellees had made no demand upon it to furnish any of the medical services for which recovery was sought and that it was thereby deprived of any opportunity to provide such services. The second was that the global submission of medical expenses by the court deprived appellant of any opportunity to obtain jury findings that any particular portion of such medical expenses was not incurred by reason of the fall. The appellant argues that the judgment for medical services by reason of the language of the verdict is founded simply upon its failure to furnish medical aid and that there is neither pleading, evidence nor verdict of any demand by appellant for, nor any refusal by, it to furnish medical aid. The appellant argues further that throughout the objections it expressly pointed out that under Rule 274, T.R.C.P., it was not required to submit written special issues concerning the matters complained of because all of its objections were aimed at the court's failure to submit issues required to support the appellees' case.

We disagree with this contention. Certainly any issues as to failure of demand or request for medical services and appellant's response to such demand would be

defensive in nature. Superior Insurance Company v. Burnes, Tex.Civ.App., 278 S.W.2d 934, 939 (Galveston Civ.App., 1955, writ ref. n. r. e.).

In our opinion the trial court did not err in inquiring in a single issue as to the reasonable charge for the medical service, hospital service and medicines received by Mrs. Hancock for the treatment of her injuries. See Amberson v. Woodul, Tex. Civ.App., 108 S.W.2d 852 (San Antonio Civ.App., 1937, writ dismissed); International-Great Northern R. Co. v. King, Tex.Civ.App., 41 S.W.2d 234 (Tex.Comm. App., 1931); Berwald v. Turner, Tex.Civ. App., 52 S.W.2d 112, 114 (El Paso Civ. App., 1932, writ refused); Bull-Stewart Equipment. Co. v. Sparra, Tex.Civ.App., 109 S.W.2d 784 (Galveston Civ.App., 1937, writ dismissed); Foster v. Woodward, Tex. Civ.App., 134 S.W.2d 417 (Beaumont Civ. App., 1939, writ refused).

All points of error are overruled and the judgment of the trial court is affirmed.